938 P.2d 1120

**In the Matter of a Member of the State Bar of Arizona, Kenneth P. BEMIS, Respondent.**

No. SB–96–0049–D.

Disc. Comm. Nos. 93–0095, 94–0385 and 94–0368.

Supreme Court of Arizona, En Banc.

June 3, 1997.

State Bar of Arizona by Ralph Adams, Staff Bar Counsel, Phoenix, for State Bar of Arizona.

Kenneth P. Bemis, Phoenix, in pro. per.

## OPINION

ZLAKET, Chief Justice.

These proceedings initially arose out of respondent's possession of a confidential Child Protective Services (CPS) report and his interactions with two superior court judges. Because a hearing officer found that the allegations concerning the CPS report had not been proven by clear and convincing evidence, counts 1 and 2 of the bar's complaint were dismissed and are not before us. Respondent appeals from a disciplinary commission recommendation of censure and supervised probation arising out of the remaining charges.

Counts 3 and 4 relate to respondent's conduct following an adverse ruling. While representing a client in a domestic relations proceeding, he moved to vacate a prior judgment. The court denied the motion by minute entry. When opposing counsel failed to prepare a proposed form of order, respondent submitted one. According to the hearing officer, it was "clearly inaccurate and went far beyond the rulings of the court, was sarcastic in tone and worded to make the judge look bad." The following is an excerpt:

> [T]he Court finds that domestic relations Commissioner's [sic] assigned to the Maricopa County Superior Court bench hear all simplified modification of child support hearings whether or not the original child support award was entered by a Judge or a Commissioner of the Superior Court. . . . This is an administrative policy of this Court that is applied on a uniform basis for all simplified modification hearings. . . . This Court finds that administrative policies of the Superior Court overrule Rule 91, Rules of Supreme Court. This Court does not know of an administrative order that supports this proposition, but never-

theless believes it can ignore Arizona Supreme Court Rules.

. . . .

The Agreement is not fair to the child nor is it in the child's best interest even though Honorable Judge Rufus Coulter found the Agreement fair and in the child's best interest in 1988. The Court finds that it is able to substitute its opinion of what is in the best interest of the child from what the Honorable Rufus Coulter decided on June 28, 1988, and therefore the Court is really partially vacating the 1988 Judgment even though it will not grant Respondent's Motion.

The hearing officer further found that when the judge refused to sign the proposed order, respondent contacted her staff and asked to speak with her *ex parte*.

The fifth count arose from a separate domestic relations matter in which a different judge entered an order of protection against respondent's client. Upon learning of the order, respondent went to the judge's chambers and demanded to speak with him. When this request was denied, he filed a pleading entitled "Motion For Accelerated Hearing That Should Be *Ex parte* Regarding Order of Protection." In it, he requested that the court contact him.

The hearing officer concluded that respondent violated ER 3.5(a) (attempt to influence tribunal), ER 8.4(a) (violation of the rules of professional conduct), and ER 8.4(d) (conduct prejudicial to the administration of justice) when he attempted to have *ex parte* meetings with the two judges regarding pending litigation. The officer also found that respondent violated ER 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and ER 8.4(d) when he submitted a proposed order that was sarcastic in tone and contained statements outside the scope of the court's minute entry.

The disciplinary commission unanimously adopted the hearing officer's findings of fact, conclusions of law, and recommendation that respondent be censured and placed on probation for one year. It found that he genuinely believed, albeit incorrectly, that *ex parte* communications are improper only when

their purpose is to gain an unfair advantage. With respect to the proposed form of order, the commission concluded that respondent had inserted the extraneous material because he assumed opposing counsel would object. He apparently thought that he would then have an opportunity to more fully argue his position and make a record for appeal.

Due to respondent's continued unwillingness to acknowledge the wrongfulness of his conduct, the commission recommended that he work with a practice monitor during his probationary period, attend the bar's professionalism course, and submit to evaluations by the Law Office Management Assistance Program.

## DISCUSSION

■ As a preliminary matter, we address the state bar's assertion that the court lacks jurisdiction to hear this appeal. The bar argues that respondent objected only to the recommendation of probation and thus waived any issue relating to the censure. We disagree. In his "Objections to Hearing Officer's Report," respondent clearly preserved the right to appeal both sanctions:

Finally, undersigned Respondent objects to the discipline recommended by the Hearing Officer because Rule 53(c)(6), Rules of the Supreme Court should [sic] state that failure of Respondent to object to the Hearing Officer report shall constitute consent to the discipline recommended. . . . It is asserted that *both censure and probation for one year with a practice monitor is excessive* . . . .

(Emphasis added). He plainly did not consent to the censure and may properly challenge it.

■ The bar also contends that we may not review the order of probation because decisions of the commission "shall be final as to dismissal, diversion, remand, probation and reprimand, a censure that is not appealed, or if not part of a sanction imposable only by the court, restitution and assessment." Rule 53(d)(3), Ariz.R.Sup.Ct. (renumbered as

53(d)(4), effective December 1, 1996).[1] While it is true that under 53(d)(3) some lesser forms of discipline are not appealable, we do not agree that the rule applies to commission orders combining any of those sanctions with censure, suspension, or disbarment, each of which is directly reviewable by this court. *See* Rule 53(e), Ariz.R.Sup.Ct.

■ Although the wording of the rule is not as clear as it might be, its intent was "to streamline the process to reduce delays and allow for earlier, final resolution of matters." Notes to 1991 Amendments, Rule 53(e), Ariz. R.Sup.Ct. In seeking efficiency, however, we must be careful not to trample on the due process rights of those whose conduct is under scrutiny. *See In re Hoover,* 155 Ariz. 192, 196, 745 P.2d 939, 943 (1987) ("[B]ecause [disciplinary] proceedings are adversary and of a quasi-criminal nature, respondent is entitled to procedural due process."). The probation order here was made in conjunction with a censure; the two are inseparable. We therefore have jurisdiction under Rule 53(e) and turn now to respondent's claims.

Respondent does not contest the facts as found by the hearing officer. He complains, however, that those findings were incomplete because they should have included a determination that the judge who issued the order of protection did so without reviewing any pleadings in the case. Respondent says that he would not have behaved as he did if the judge had acted properly. He also maintains that he conducted himself appropriately regarding the attempted *ex parte* communications and asserts that the charges relating to the proposed order are unfounded because he sincerely disagreed with the trial court's decision. Finally, respondent contends that he did not receive a fair hearing.

■ Our review of the record leads us to agree, as did the commission, with the hearing officer's findings of fact and conclusions of law. Regardless of respondent's belief that his actions were necessary to protect the clients' interests, his behavior was inexcusable. "[E]x parte communications are barred even if it is not clear that the lawyer intended to influence the judge." American Bar Association Center for Professional Responsibility, *Annotated Model Rules of Professional Conduct* 338 (3rd ed.1996); *see* ERs 3.5(a), (b), Rule 42, Ariz.R.Sup.Ct. Respondent's admittedly naive effort to preserve a record of the judge's ruling does not justify the distortions and excesses contained in the proposed order. *See* ERs 8.4(a), (c), Rule 42, Ariz.R.Sup.Ct. Moreover, we can discern no basis in the record for his claim that he did not receive a fair hearing.

## SANCTION

In recommending that respondent be censured and placed on supervised probation for one year, both the hearing officer and the disciplinary commission appropriately considered the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991). *See In re Higgins,* 180 Ariz. 396, 400, 884 P.2d 1094, 1098 (1994). The commission concluded that respondent's attempted *ex parte* communications were negligent rather than knowing, warranting only a censure. *See* Standard 6.33 (reprimand appropriate when lawyer is negligent in determining the propriety of communicating with an individual in the legal system, causing potential interference with the outcome of a proceeding). Similarly, it found that his actions concerning the proposed order were "negligent, careless, and sloppy, but not intentional." Because we generally defer to factual determinations of the hearing tribunal and the commission, *In re Varbel,* 182 Ariz. 451, 453, 897 P.2d 1337, 1339 (1995), we adopt these findings as our own.

Aggravating and mitigating circumstances should also be considered in determining an appropriate sanction. *See* Standard 9.1. Although respondent has no prior disciplinary record in ten years of practice, he apparently still fails to recognize the wrongful nature of his conduct. In addition, we are dealing here with multiple offenses.

The court is most concerned with respondent's refusal to accept that his conduct can-

---

1. Respondent's notice of appeal was filed prior to the effective date of the amendments to the disciplinary rules.

not be justified by any perceived unfairness in the judges' rulings. As the commission noted, "this matter was the result of [his] misguided, overzealous efforts to obtain a successful result for his clients." Respondent must realize that " '[z]ealous advocacy' has limits. It clearly does not justify ethical breaches." *In re Fee*, 182 Ariz. 597, 601, 898 P.2d 975, 979 (1995). Although his clients were not harmed as a result of this misconduct, in our view both he and the public will benefit greatly from the measures recommended by the commission, particularly the assistance of a practice monitor. We therefore censure respondent and place him on supervised probation for one year, under the terms and conditions set forth in the commission's report. It is further ordered that he pay all costs and expenses incurred by the bar relating to counts 3, 4, and 5.

JONES, V.C.J., and FELDMAN, MOELLER and MARTONE, JJ., concur.