813 So.2d 36 (2002)
Inquiry Concerning a Judge No. 00-319 re Joseph P. BAKER.
No. SC00-2510.
Supreme Court of Florida.
February 14, 2002.
Rehearing Denied March 18, 2002.
*37 James R. Jorgenson, Chairman, Tallahassee, FL; Thomas C. MacDonald, Jr., General Counsel for the Florida Judicial Qualifications Commission, Tampa, FL; and Charles P. Pillans, III of Bedell, Dittmar, DeVault, Pillans & Coxe, Special Counsel to the Florida Judicial Qualifications Commission, Jacksonville, FL, for Petitioner.
David B. King and Mayanne Downs of King, Blackwell & Downs, P.A., Orlando, FL, for Respondent.
PER CURIAM.
We have for review the finding of the Judicial Qualifications Commission ("JQC") that Judge Joseph P. Baker violated Canon 3 B(7) of the Florida Code of Judicial Conduct, which prohibits ex parte and other communications outside the presence of the parties. The JQC recommends that Judge Baker be admonished as a lesser sanction to public reprimand. We have jurisdiction. See art. V, § 12, Fla. Const. For the reasons expressed below, we approve the JQC's finding.
It is undisputed that Judge Baker, while presiding over a trial between Universal Business Systems, Inc. and Disney Vacation Club Management Corporation in May 1999, solicited communications from unnamed computer consultants and experts concerning technical issues relating to the issue of damages in the case pending before him without the involvement of the litigants or their attorneys.[1] However, Canon 3 B(7) of the Florida Code of Judicial Conduct expressly prohibits "ex parte communications, or [consideration of] other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding." Canon 3 B(7) (emphasis added). Moreover, the commentary to Canon 3 B(7) specifically provides that "[t]he proscription against communications concerning a proceeding includes communications from lawyers, law teachers, and other persons who are not participants in the proceeding, except to the limited extent permitted." Commentary, Canon 3 B(7) (emphasis added).[2]
*38 Accordingly, we agree with the JQC that Judge Baker violated the express language of Canon 3 B(7). Therefore, in accordance with the JQC's recommendation, we admonish Judge Baker to comply with his oath as member of the judiciary and to abide by the Code of Judicial Conduct, specifically Canon 3 B(7).[3]
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] Judge Baker admitted this fact to the JQC hearing panel, and the Memorandum of Ruling drafted by Judge Baker expressly states that he

made a few inquiries of computer consultants and experts, describing the general nature of [determining changes in software and the cost of duplicating those changes] and asking if there were a practical way to approximate the cost to a retailer to take the original UBS software and bringing it up to the `modified version' and use at Disney.... They [the consultants and experts] suggested that UBS must know the cost of developing its own original software purchased by Disney.
At the JQC hearing, however, Judge Baker said he could not remember with whom he talked or what they said, but also said that he had "since found out" that one of people he talked with was his son-in-law and another was a friend of his; but, again, he was not sure if there might have been others.
[2] Canon 3 B(7) is followed by certain exceptions where, under limited circumstances, ex parte communications or other communications are permitted: (1) communications on scheduling and administrative matters, or emergencies that do not deal with substantive matters; (2) advice from disinterested experts on the law; (3) contact with other judges or court personnel, (4) contacts with the parties' consent in an effort to settle a case; and (5) other communications expressly authorized by statute. See Canon 3 B(7)(a)-(e). However, Judge Baker has not asserted, and we do not find, that any of these exceptions apply.
[3] The commentary to Canon 3 B(7) specifically provides, "An appropriate and often desirable procedure for a court to obtain the advice of a disinterested expert on legal issues is to invite the expert to file a brief as amicus curiae."