PER CURIAM.
We have for review the report of the referee recommending that disciplinary measures be imposed upon respondent, Michael Lee Von Zamft, for alleged ethical breaches. We have jurisdiction. See art. V, § 15, Fla. Const.

FACTS

At the time of these events, Michael Von Zamft (Von Zamft) was employed by the Office of the State Attorney in the Elev *387 enth Judicial Circuit. In April and May 1998 that office was prosecuting a capital case. Von Zamft and the judge presiding over the case were friends; however, Von Zamft was not involved with the case. At an April 1998 status conference, the assistant state attorney prosecuting the case requested a continuance of the trial. The judge indicated that she was not inclined to grant the continuance. Later, Von Zamft asked the assistant state attorney if she would like his assistance in getting a continuance from the judge, and the assistant state attorney replied that she would.
On May 11 the judge took Von Zamft to lunch. Von Zamft told the judge that he needed to speak to her about her capital case. The judge immediately advised him not to do so. Von Zamft persisted saying that he needed to, and the judge told him again not to speak with her about the matter. Nevertheless, Von Zamft continued and advised her that it would be in everyone’s best interest for her to continue the case to avoid a likely reversal because defense counsel could not possibly be ready for trial.
On May 13 at a status hearing, the assistant state attorney reiterated “verbatim” what Von Zamft had said at lunch. Defense counsel in the case joined in the motion for continuance, but indicated that he could be ready for trial. The judge granted the continuance. The judge asked the assistant state attorney to come to her chambers, where she complained to the assistant state attorney about being approached by Von Zamft. The following day, the judge recused herself. On May 28 the judge held a hearing regarding whether prosecutorial misconduct occurred. At the hearing, defense counsel indicated that he might have wanted to go to trial.
The Bar thereafter charged Von Zamft with violating Rules Regulating the Florida Bar 4-3.5 (addressing impartiality and decorum of the tribunal) and 4-8.4(d) (prohibiting attorneys from engaging in conduct that is prejudicial to the administration of justice).
At the disciplinary hearing, Von Zamft testified that he thought both the prosecuting attorney and defense counsel in the capital case desired a continuance. He further argued that he was only trying to help the judge avoid a potential retrial of what was her first capital case. On this basis, he claimed that he did not have the mens rea required for acts prejudicial to the administration of justice. He further asserted that his attempt to obtain a continuance was only a scheduling matter as opposed to something affecting the merits of the case.
In his report, the referee found Von Zamft guilty of violating rule 4-3.5(a) which provides: “A lawyer shall not seek to influence a judge ... except as permitted by law or the rules of court.” In so holding, the referee concluded that even though Von Zamft’s communication to the judge did not go to the merits of the case, rule 4-3.5(a) essentially prohibits any attempt to influence a judge, regardless of whether it deals with the merits of a case. The referee further found that Von Zamft violated rule 4 — 8.4(d), noting that “even though admonished by the trial judge, twice, the Respondent persisted in expressing his opinions concerning a continuation of the case. The result was a recusal of the trial judge and fodder ... for the defense counsel at later appeals stages following the conviction of his client.”
The referee made the following statement regarding discipline:
While it is clear that the Respondent has a very fine reputation in the community, it is just as clear that he was negligent in approaching the trial judge with the request for continuance. His *388 actions are not serious enough to warrant suspension or anything more serious. An admonishment would likely suffice with respect to this Respondent to prevent his further violation of the Rules of Professional Conduct, provided, however, that it should be published in order to emphasize the concern of the Court with similar violations and all lawyer misconduct.
The referee also recommended that the Bar be awarded $2,387.30 in costs. In reaching the recommendation for discipline, the referee considered the following mitigating factors: (1) lack of a prior disciplinary record; (2) good character; and (3) Von Zamft’s activities in the Bar including his service as chair of the Criminal Law Section of The Florida Bar. Although not express, it appears that the referee concluded that Von Zamft’s substantial experience in the practice of law (since 1973) served as an aggravating factor.
Von Zamft has petitioned for review, challenging the referee’s findings of guilt,[1] the recommended discipline, and the award of costs to the Bar. We address each challenge in turn.

ANALYSIS

Violation of Rule 1-8.5(a). A referee’s findings of fact and conclusions of guilt which are supported by competent, substantial evidence in the record will be upheld by this Court. See Florida Bar v. Jordan, 705 So.2d 1387, 1390 (Fla.1998) (stating that where such findings are adequately supported, “this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee”). Rule 4-3.5(a) provides that a lawyer shall not seek to influence a judge. At the hearing in April the trial judge had indicated her inclination to deny a motion for a continuance. During lunch with the judge, Von Zamft persisted in discussing the same motion for continuance. At the disciplinary hearing Von Zamft testified that his “intent during that period of time was so that [the judge] would delay the case so that both sides would be able to try it fairly.” Von Zamft, in other words, admits he was attempting to get the judge to change her mind about the continuance. We conclude from this testimony that there is competent, substantial evidence in the record to support the referee’s finding that Von Zamft attempted to influence the judge to reschedule the date of the trial in the capital case. Therefore, we find that Von Zamft violated rule 4-3.5(a).[2]
Violation of Rule í-84(d). Although there is little case law in Florida addressing ex parte communications, we recently addressed the issue in the context of a judicial qualifications proceeding where we found a trial judge had violated Canon 3 B(7) of the Florida Code of Judicial Conduct by consulting with a computer expert on the issue of damages in a pending case. Although it was later revealed to the par *389 ties, the communication was done without the knowledge of the parties involved in the case. This conduct was found to be improper and prohibited by the express language of the Code which prohibits “ex parte communications, or other ... communications made to the judge outside the presence of the parties concerning a pending or impending proceeding.” See In re Baker, 813 So.2d 36 (Fla. 2002).
However, other states, under facts similar to the ones presented in this case, have held that ex parte communications in the context of attorney disciplinary proceedings are prejudicial to the administration of justice. See, e.g., In re Bemis, 189 Ariz. 119, 938 P.2d 1120 (1997); In re Orfanello, 411 Mass. 551, 583 N.E.2d 1277 (1992) (finding conduct by an attorney who spoke to a judge with the intent to obtain favorable treatment for another attorney who had a case pending before the judge to be prejudicial to the administration of justice); In re Thompson, 325 Or. 467, 940 P.2d 512 (1997).
In the instant case, Von Zamft used his position as a friend of the judge to speak with her on another attorney’s behalf. Von Zamft’s claim that the judge granted the continuance solely upon defense counsel’s request, even if true, does not negate the wrongfulness of his conduct. The Supreme Court of Oregon held in a similar disciplinary proceeding that there was nothing in that state’s rules to suggest “a lawyer must be successful in improperly influencing a judge’s or an official’s decision for an ex parte contact to be improper. The impermissible ex parte communication itself constitutes the violation.” Thompson, 940 P.2d at 515. Likewise, there is nothing in the Rules Regulating the Florida Bar indicating that a judge must have actually been influenced by an attorney’s improper conduct for that conduct to constitute a violation under the rules. Therefore, we find that there is competent, substantial evidence in the record to support the referee’s conclusion that Von Zamft engaged in conduct prejudicial to the administration of justice and violated rule 4-8.4(d).
Discipline. In reviewing a referee’s recommendation of discipline, this Court’s scope of review is “somewhat broader than that afforded to findings of facts because, ultimately, it is our responsibility to order an appropriate punishment.” Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989). Having reviewed the record below, we conclude that a public reprimand is the more appropriate discipline for Von Zamft’s violations for the following reasons: (1) Florida Standard for Imposing Lawyer Sanctions 6.33 provides: “Public Reprimand is appropriate when a lawyer is negligent in determining whether it is proper to engage in communication with an individual in the legal system, and causes injury or potential injury to a party or interference or potential interference with the outcome of the legal proceeding”; and (2) rule 3-5.1(a) provides that admonishments should be administered only when there has been a finding of minor misconduct. An ex parte communication with a judge which leads to that judge’s recusal is not minor misconduct, but is conduct which interferes with the outcome of a legal proceeding.
Costs. Von Zamft argues that he should not be required to pay the Bar’s costs because he offered to accept an admonishment and to take an ethics course, but the Bar refused to accept his offer.
Rule Regulating the Florida Bar 3-7.6(o)(2) expressly states that the referee “shall have discretion to award costs and absent an abuse of discretion the referee’s award shall not be reversed.” Further, *390 “When the bar is successful, in whole or in part, the referee may assess the bar’s costs against the respondent unless it is shown that the costs of the bar were unnecessary, excessive, or improperly authenticated.” R. Regulating Fla. Bar 3-7.6(o)(3).
Von Zamft has not alleged that the Bar’s costs are unnecessary, excessive, or improperly authenticated. Because we are imposing greater discipline than what Von Zamft offered to Bar counsel, we do not believe that Von Zamft is exempt from paying the Bar’s costs. We therefore approve the referee’s award of costs to the Bar.
Accordingly, Michael Lee Von Zamft is hereby publicly reprimanded. The reprimand shall be accomplished by the publication of this opinion. Judgment is entered in favor of The Florida Bar, 650 Apalachee Parkway, Tallahassee, FL 32399, for costs from Michael Lee Von Zamft in the amount of $2,387.30, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and QUINCE, JJ., concur.
LEWIS, J., recused.

. Von Zamft further argued that Rule Regulating the Florida Bar 4-8.4(d) is unconstitutionally vague. We reject this claim as being without merit and do not discuss it in this opinion.

. Von Zamft's claim that his ex parte communication was permitted by Canon 3 B(7)(a) of the Code of Judicial Conduct is unavailing. This canon allows a judge to engage in ex parte communications regarding scheduling, but only “[wjhere circumstances require.” Von Zamft did not represent any of the parties in the capital case. There is no indication that he invited the assistant state attorney and defense counsel to attend his meeting with the judge, or that the urgency of the matter prevented him from informing defense counsel of the meeting. Accordingly, we conclude that circumstances did not "require” Von Zamft to communicate ex parte with the judge and this canon is inapplicable to the instant proceedings.