PER CURIAM.
Gary Alan Bloom petitions this Court for review of the referee’s recommendation that Bloom be suspended for ninety-one days and thereafter until he establishes his fitness to practice law. We have jurisdiction. Art. Y, § 15, Fla. Const. For the reasons expressed, we approve the recommendation of the referee.
This disciplinary proceeding arose from Bloom’s neglect and mismanagement of a real estate purchase. Litigation resulted from that neglect and mismanagement, and Bloom was named as a defendant in the suit. In the litigation, Bloom failed to timely answer interrogatories, even after he was ordered by the trial court to do so; failed to attend hearings; and failed to pay costs imposed on him as a sanction for failing to answer the interrogatories. He then failed to answer the trial court’s Order to Show Cause. As a result, the trial court struck his responsive pleadings and entered judgment against him in the amount of $16,296. Subsequently, Bloom failed to answer interrogatories or attend depositions set in aid of execution of the judgment. Eventually, the trial court entered an order finding Bloom guilty of indirect criminal contempt of court and issued a writ of attachment against his property. As of the date of the grievance hearing in August 1992, the judgment had not been satisfied, and this Court has received no information indicating that the judgment has been satisfied.
The referee recommended that Bloom be found guilty of violating Rules Regulating The Florida Bar 4-3.4(d) (failing to comply with legally proper discovery requests by an opposing party) and 4 — 8.4(d) (engaging in conduct prejudicial to the administration of justice). With regard to the discipline, the referee recommended that Bloom be suspended from the practice of law for ninety-one days and thereafter until Bloom proves his fitness to practice law and satisfies the outstanding civil judgment and that Bloom be required to pay costs in the amount of $907.49.
Although Bloom filed a petition for review, neither party has filed a brief in this case. Bloom simply alleged in his petition that he never received the documents at issue and never received notice of the various hearings in this case, including the notice of hearing regarding this action before the referee. The referee, however, made specific factual findings to the contrary that are supported by competent, substantial evidence in the record. Consequently, we find Bloom’s contentions to be without merit. Moreover, we find that Bloom’s flagrant disregard for the judicial process, as reflected by the facts of this case, warrants a suspension requiring proof of rehabilitation.
Accordingly, we hereby suspend Gary Alan Bloom from the practice of law for ninety-one days and direct that he not be reinstated to the practice of law until he demonstrates his fitness to practice law which would include proof of satisfaction of the judgment entered against him in the underlying civil action on which this cause is predicated. This suspension will be effective thirty days from the date of this opinion so that Bloom can close out his practice and protect the interests of existing clients. If Bloom notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Bloom shall accept no new business from the date this opinion is filed. Judgment for costs is hereby entered against Gary Alan Bloom in the amount of $1,924, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.