HAZOURI, J.
 

 Appellant, Erwin Rosenberg, who was the original counsel for the various defendants below, appeals from the trial court’s award of attorney’s fees to appel-lees/plaintiffs under the “inequitable conduct doctrine” as set forth in
 
 Moakley v. Smallwood,
 
 826 So.2d 221 (Fla.2002). We affirm.
 

 Prior to assessing attorney’s fees against Rosenberg, the trial court conducted an evidentiary hearing and concluded:
 

 Based on the detailed factual findings stated above, this Court makes the express finding that Mr. Rosenberg engaged in bad faith conduct, and that Mr. Rosenberg has not shown cause why he should not have to pay Plaintiffs’ attorney’s fees for necessitating all of Plaintiffs’ motions to compel since the time Mr. Rosenberg entered his appearance in the case. This Court did not find credible Mr. Rosenberg’s testimony that he was acting merely as a zealous advocate for his clients. Although Mr. Rosenberg testified that his initial production of documents in 2006 was all of the documents which his clients gave to him, Mr. Rosenberg at that time did not file a written response to Plaintiffs’ request for production pursuant to rule 1.350. Filing a written response was Mr. Rosenberg’s responsibility, not that of his clients. As a result of Mr. Rosenberg’s failure to provide a written response, Plaintiffs had no knowledge regarding which categories of its requests the documents were responsive to, nor which categories were not being responded to. Mr. Rosenberg’s testimony that he did not seek to have his clients
 
 *1150
 
 produce more documents in response to Judge Esquiroz’s two orders because Judge Esquiroz’s orders supposedly were not enforceable has no basis in law. Mr. Rosenberg’s explanation that he did not review all of the documents which he e-mailed to Plaintiffs’ counsel because this Court’s June 21st order directed “Defendants,” not “Defendants’ counsel,” to produce all documents responsive to Plaintiffs’ requests for production, is wholly unconvincing. Whether the order referred to “Defendants” or “Defendants’ counsel,” Mr Rosenberg had an ethical and professional obligation to review the documents which he produced. The most egregious bad faith action which Mr. Rosenberg committed was re-stating in his June 28th written response the same objections which this Court already had overruled, without Mr. Rosenberg taking any further action to comply with Plaintiffs’ requests for production or with this Court’s orders. Mr. Rosenberg’s explanation that he interpreted rule 1.350 as saying that he merely should repeat the overruled objections “as a zealous advocate,” and that Plaintiffs’ seeking of a written response served as Plaintiffs’ implied waiver of this Court’s earlier orders overruling his objections, simply defies common sense. Such flouting of this Court’s orders is the very definition of bad faith conduct. This Court finds Mr. Rosenberg to be an intelligent person, and this Court does not believe that the gravity of his repeated misconduct can be accepted as merely an error in judgment or ignorance of the rules.
 

 Rosenberg argues that when section 57.105, Florida Statutes (1999), was amended, it rendered obsolete the “inequitable conduct doctrine” of
 
 Moakley
 
 which permits a trial court to use its “inherent authority to impose attorneys’ fees against an attorney for bad faith conduct.”
 
 Moakley,
 
 826 So.2d at 226. We disagree.
 

 Section 57.105(1) provides for the payment of attorney’s fees to the prevailing party by the losing party and the losing party’s attorney if the court finds during a civil proceeding that they knew or should have known that a claim or defense when presented was not supported by facts or by the then-existing law. This section is limited to the claims or defenses and does not apply to not providing discovery requested. Subsection (2) is inapplicable as it also has to do with the claim or defense being based upon a good faith argument for modification of the law. Subsection (3) does provide for damages for the moving party when the opposing party takes any action which was taken primarily for the purpose of unreasonable delay. Although Rosenberg’s actions or inaction may have resulted in unreasonable delay, the trial court’s application of
 
 Moak-ley
 
 focused on appellant’s bad faith conduct in the performance of his job, not on any delay. Subsection (4) of the statute provides: “The provisions of this section are supplemental to other sanctions or remedies available under law or under court rules.” § 57.105(4), Fla. Stat. (1999).
 

 Rosenberg also argues that the findings of fact made by the trial court are not supported by testimony, stipulations or affidavits. Appellant has not provided this court with a transcript of the hearing, nor did he prepare a statement of the evidence under Florida Rule of Appellate Procedure 9.200(b)(4). Without either of these, this court must presume the results below are correct.
 
 See Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150 (Fla.1979).
 

 Affirmed.
 

 GROSS, C.J., and POLEN, J., concur.