# Supreme Court of Florida

_____

No. SC13-2067
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**ERWIN ROSENBERG,**
Respondent.

[May 28, 2015]

PER CURIAM.

We have for review a referee's report recommending that Respondent Erwin Rosenberg be found guilty of professional misconduct in violation of the Rules Regulating the Florida Bar (Bar Rules), and suspended from the practice of law for ninety-one days. We have jurisdiction. See art. V, § 15, Fla. Const. As discussed in this opinion, we approve the referee's findings of fact and recommendations as to guilt. We disapprove the referee's recommended sanction, and conclude instead that a one-year suspension is appropriate.

**FACTS**

In October 2013, The Florida Bar (Bar) filed a complaint against Respondent Rosenberg, alleging that he engaged in misconduct in violation of the Bar Rules. A referee was appointed to consider the matter. In the proceedings before the referee, Rosenberg filed a Motion for Summary Judgment. The Bar filed a response in opposition to Rosenberg's motion, as well as a cross-motion for summary judgment. After considering these filings, the referee entered an "Order Denying Respondent's Motion for Summary Judgment and Granting Complainant's Cross-Motion for Summary Judgment." In the order, the referee found that the facts as alleged by the Bar were undisputed, that Rosenberg failed to present any evidence to show material facts in dispute, and that Rosenberg's legal arguments were without merit. The referee has submitted his report for the Court's review (based on his order granting summary judgment), in which he made the following findings and recommendations.

In 2006, Rosenberg was hired to represent several businesses (the clients) that were being sued in the circuit court in Miami-Dade County for breach of contract; he entered appearances on behalf of the clients in March and April 2006. Prior to Rosenberg's appearance in the case, in December 2005, counsel for the plaintiffs had served on the clients a request for production, requesting that they produce a number of documents. When the clients did not comply, on March 1, 2006, the circuit court judge entered an order granting the plaintiffs' motion to

compel production and ordering the clients to produce the requested documents within twenty days. The clients also did not comply with this order. The plaintiffs then filed a motion for contempt and sanctions. In April 2006, the circuit court judge granted the motion as to sanctions but denied the motion as to contempt, and ordered the clients to produce the documents within five days.

In September 2006, the case against the clients was transferred to the circuit court in Palm Beach County, before Judge Jonathan Gerber. At that time, the clients still had not complied with the plaintiffs' December 2005 request for production. In March 2007, the plaintiffs filed a motion to compel production, for contempt, and for sanctions. Judge Gerber held a hearing on the motion in April 2007. Rosenberg appeared at the hearing and objected to the plaintiffs' request for production on the grounds that the documents sought were not reasonably calculated to lead to admissible evidence. Judge Gerber overruled the objection, granted the plaintiffs' motion to compel, and ordered the clients to produce the requested documents within fifteen days. Thereafter, on May 2, 2007, Rosenberg filed a motion for rehearing, a motion for a protective order, a request for an in camera inspection, and a stay for appellate certiorari review. In these motions, Rosenberg asserted that the documents sought by the plaintiffs contained trade secrets or confidential business information, and that disclosure of the documents would harm his clients. On May 29, Judge Gerber held a hearing; the judge

ultimately denied the motions and overruled Rosenberg's trade secrets and confidentiality objections. Judge Gerber held that, because Rosenberg had not raised these arguments in the more than one year that he represented the clients, the objections were waived.

In June 2007, the plaintiffs filed what was their fifth motion to compel production of documents, as well as a motion for contempt and sanctions. Judge Gerber held a hearing on this motion. At the hearing, Rosenberg maintained that he had produced some documents partially responsive to the plaintiffs' request, and that he had provided all of the documents given to him by the clients. In response, the plaintiffs argued that the documents were duplicates of ones already produced, that the documents were not provided in any particular order, and that Rosenberg had not served a written response to the request to produce, as required by Florida Rule of Civil Procedure 1.350. Judge Gerber granted the plaintiffs' motion and ordered Rosenberg and the clients to produce the requested documents within eight days; the judge also granted the plaintiffs' request for sanctions and warned Rosenberg and the clients that if they did not comply, he would consider striking their pleadings.

After the circuit court issued its order, Rosenberg filed a written response to the plaintiffs' request for production on June 28, 2007. In the response, Rosenberg again objected to production on the grounds that the plaintiffs' requests were

overbroad and burdensome, and that the documents requested would violate his clients' trade secret and business confidentiality privileges. The plaintiffs then filed their sixth motion to compel, for contempt, and sanctions. On July 24, 2007, Judge Gerber held a hearing and granted the motion. The judge further ordered that an evidentiary hearing be held on an order to show cause why Rosenberg should not be sanctioned for bad faith conduct.

Rosenberg withdrew as counsel for the clients on July 30, 2007. On August 7, 2007, the circuit court entered an order setting a hearing on the show cause order for August 24. Rosenberg filed a motion to dismiss the order to show cause, alleging that the court failed to provide sufficient notice or opportunity to be heard; Judge Gerber denied this motion.

At the show cause hearing on August 24, 2007, Rosenberg declined to testify on his own behalf. He was, however, called as an adverse witness by counsel for the plaintiffs. Following the hearing, on September 14, 2007, Judge Gerber entered a written "Order Imposing Attorney's Fees for Bad Faith Conduct." In this order, Judge Gerber found that Rosenberg acted in bad faith:

> The most egregious bad faith action which Mr. Rosenberg committed was re-stating in his June 28 written response the same objections which this Court already had overruled, without Mr. Rosenberg taking any further action to comply with Plaintiffs' requests for production or with this Court's orders. Mr. Rosenberg's explanation that he interpreted rule 1.350 as saying that he merely should repeat the overruled objections "as a zealous advocate" . . . simply defies common sense. Such flouting of this Court's orders is the very

definition of bad faith conduct. This Court finds Mr. Rosenberg to be an intelligent person, and this Court does not believe that the gravity of his repeated misconduct can be accepted as merely an error in judgment or ignorance of the rules.

Accordingly, Judge Gerber held that the plaintiffs were entitled to recover from Rosenberg their attorney's fees relating to all motions to compel filed after Rosenberg entered his appearance in the case. The Fourth District Court of Appeal affirmed the circuit court's order in January 2009. See Rosenberg v. Gaballa, 1 So. 3d 1149 (Fla. 4th DCA 2009). The referee in this case found that Rosenberg still has not paid any portion of the attorney's fee award.

Based on these facts, the referee recommends that Rosenberg be found in violation of the following Bar Rules: 4-1.1 (a lawyer shall provide competent representation to a client); 4-3.4(d) (a lawyer must not in pretrial procedure, make a frivolous discovery request or intentionally fail to comply with a legally proper discovery request by an opposing party); and 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice).

The referee found four aggravating factors in this case: Rosenberg engaged in multiple offenses, and multiple instances of the same offense; he has refused to acknowledge the wrongful nature of his misconduct; he has substantial experience in the practice of law; and he has failed to pay any portion of the attorney's fee award imposed against him. The referee also considered two mitigating factors:

Rosenberg has no prior disciplinary history; and he has already received a monetary sanction imposed by the circuit court for his bad faith conduct.

In making a recommendation as to the sanction, the referee noted:

> The Referee has strong doubts about the Respondent's fitness to practice law. It is obvious Respondent possesses above-average intelligence. It appears, however, that he lacks either the common sense or the intellectual honesty to distinguish appropriate and rational arguments from inappropriate and irrational arguments. The ability to read precedent, while a necessary condition for practicing law, is not sufficient. A lawyer must be able to apply legal principles correctly and honestly. There are times when a lawyer must yield to the facts, precedent, or court orders. Respondent appears incapable of discerning when to yield a legally unsupportable position.

Although the report indicates the referee believed a lengthier suspension was warranted, based on the Florida Standards for Imposing Lawyer Sanctions and case law he recommends that Rosenberg be suspended from the practice of law for ninety-one days. Additionally, the referee recommends that Rosenberg not be reinstated to practice until he can demonstrate rehabilitation by addressing "whatever underlying psychological or emotional issues may exist which appear to interfere with his ability to objectively evaluate facts, precedents, and court orders," and until he has paid the sanctions imposed in Judge Gerber's September 2007 order.

Before this Court, Rosenberg seeks review of the referee's order granting summary judgment in favor of the Bar,[1] as well as the referee's findings of fact and recommendations as to guilt. The Bar has filed a cross-notice of review, challenging the referee's recommended sanction. The Bar urges the Court to disapprove the referee's recommendation for a ninety-one day suspension and instead suspend Rosenberg from the practice of law for one year.

## ANALYSIS

We first address Rosenberg's argument that the referee improperly granted the Bar's motion for summary judgment. The referee in a disciplinary case has authority to enter summary judgment on the same basis as in a civil case—when, as a matter of law, it is apparent from the pleadings and other evidence that there are no genuine issues of material fact and the moving party is entitled to relief as a matter of law. See Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006); Fla. Bar v. Daniel, 626 So. 2d 178, 182 (Fla. 1993). On review of a referee's report based on a summary judgment, the standard of review is de novo, with all facts and inferences viewed in favor of the party against whom the summary judgment has

---

1. Rosenberg also challenges the referee's April 4, 2014, "Order Denying Respondent's Motion for Rehearing." In that order, the referee denied Rosenberg's motion for rehearing of an order denying his third motion for disqualification. We have fully considered Rosenberg's arguments as to this issue, and we approve the referee's order on rehearing without further discussion.

been entered. See Fla. Bar v. Cosnow, 797 So. 2d 1255, 1258 (Fla. 2001). The party seeking review must point to some disputed issue of fact material to the referee's conclusions. Id.

In this case, the referee's order granting summary judgment, and the findings of fact contained in the Report of Referee, are largely based on Judge Gerber's September 2007 Order Imposing Attorney's Fees for Bad Faith Conduct. This Court has held that the referee in a disciplinary proceeding may consider judgments entered in other tribunals, and may properly rely on such judgments to support his or her findings of fact. See Fla. Bar v. Gwynn, 94 So. 3d 425, 430 (Fla. 2012). Here, the facts are essentially undisputed. Counsel for the plaintiffs filed a request for production in December 2005. In the more than a year that passed between Rosenberg's appearance in the case in March and April 2006, and when he withdrew as counsel for the clients in July 2007, Rosenberg did not fully comply with the plaintiffs' requests. He also did not comply with the several circuit court orders directing him (and the clients) to produce the documents requested. Ultimately, in September 2007, Judge Gerber entered an order sanctioning Rosenberg for bad faith conduct, and ordered him to pay the plaintiffs' attorney's fees. To date, Rosenberg has not complied with this order.

Rosenberg does not dispute that these events occurred. Rather, he contends that the referee erred in granting the Bar's motion for summary judgment because

the referee failed to consider other material facts in dispute. He asserts that the orders to compel production entered in the circuit court in Miami-Dade County were non-final because the judge in that circuit never ruled on Rosenberg's motion for rehearing and, moreover, that those orders were unenforceable because Miami-Dade County was not the proper venue for the breach of contract action. Rosenberg also maintains that the clients produced some of the documents requested by the plaintiffs, and they timely objected to producing other documents on the grounds that the information sought was not reasonably calculated to lead to the discovery of admissible evidence; when Judge Gerber overruled these "scope of discovery" objections, Rosenberg argues that he then properly raised an objection based on trade secret and business confidentiality privileges. We note that Rosenberg has not cited any legal authority for his assertion that the Miami-Dade judge's orders to compel were unenforceable after the case was transferred to Palm Beach County.

But in any event, Rosenberg's arguments in this regard do not demonstrate that the referee erred in granting summary judgment. Rather, Rosenberg seeks to relitigate Judge Gerber's findings and conclusions as to his bad faith conduct in the civil litigation. Such arguments are not proper in this disciplinary case. The issue here is not whether Rosenberg properly raised certain objections to the plaintiffs' motions to compel production; however, he may not repeatedly continue to raise

those same objections after they have already been considered and ruled upon, and he may not refuse to comply with the numerous orders to compel entered by the circuit courts in both Miami-Dade County and Palm Beach County.

Rosenberg also argues that the referee, in granting summary judgment, failed to consider that Judge Gerber was biased against him. Rosenberg suggests that Judge Gerber's bias is evidenced by the fact that, at the hearing on the order to show cause why Rosenberg should not be sanctioned, Rosenberg was denied a meaningful opportunity to refute the accusations of bad faith conduct, and in particular he was not permitted to cross-examine Judge Gerber. However, the undisputed facts show that Rosenberg was given notice of the show cause hearing, he was offered an opportunity to present evidence on his own behalf, and he chose not to testify.

Accordingly, we conclude that the referee fully considered the undisputed facts in this case, and we agree that Rosenberg failed to demonstrate material facts in dispute. We approve the referee's order granting summary judgment in favor the Bar, as well as the referee's findings of fact.

Turning to the referee's recommendations as to guilt, we conclude that the undisputed facts amply support the referee's recommendation that Rosenberg be found guilty of violating Bar Rules 4-1.1, 4-3.4(d), and 4-8.4(d). See Fla. Bar v. Shoureas, 913 So. 2d 554, 557-58 (Fla. 2005) (stating that "the referee's factual

findings must be sufficient under the applicable rules to support the recommendations as to guilt."). Indeed, given the undisputed facts, it is clear that Rosenberg failed to act competently on behalf of his clients, in violation of Bar Rule 4-1.1, when he failed to seek documents from his clients after multiple circuit court orders compelling production of the documents; when he testified at the show cause hearing before Judge Gerber that he believed he had complied with the orders to compel production by simply providing the few documents his clients had given him, without reviewing those documents; when he did not timely file a written response to discovery, as required by the Rules of Civil Procedure; and when he continued to raise objections that the circuit court had already considered and overruled. We agree with the referee that Rosenberg's conduct displayed "a lack of knowledge, thoroughness, and preparation in his representation." Additionally, the facts as found by the referee demonstrate that Rosenberg repeatedly failed to comply with numerous circuit court orders compelling production, in violation of Bar Rule 4-3.4(d). And his failure to comply with these orders was detrimental to the administration of justice, in violation of Bar Rule 4-8.4(d).

Rosenberg urges the Court to disapprove the referee's recommendations as to guilt on the same grounds that he opposes the referee's order granting summary judgment. He also argues that Judge Gerber lacked authority to enter the Order

Imposing Attorney's Fees for Bad Faith Conduct because this Court has exclusive jurisdiction to sanction lawyers for misconduct. Rosenberg's argument is unfounded. In <u>Moakley v. Smallwood</u>, 826 So. 2d 221, 226-27 (Fla. 2002), this Court held that the trial courts possess inherent authority to impose attorneys' fees against an attorney for "bad faith conduct." Finally, Rosenberg challenges the referee's recommendations as to guilt because he contends that Bar Rules 4-1.1, 4-3.4, and 4-8.4(d) are unconstitutionally vague in violation of due process. However, the Rules of Professional Conduct have consistently been upheld against vagueness and due process challenges. <u>See, e.g.</u>, <u>Fla. Bar v. Von Zamft</u>, 814 So. 2d 385, 388 n.1 (Fla. 2002) (stating with respect to the respondent's argument that Bar Rule 4-8.4(d) is unconstitutionally vague: "We reject this claim as being without merit.").

Because Rosenberg has failed to show that the referee's recommendations as to guilt are unsupported, we approve those recommendations and find Rosenberg guilty of violating Bar Rules 4-1.1, 4-3.4(d), and 4-8.4(d).

Next, we address the referee's recommended discipline, a ninety-one day suspension. In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is the Court's responsibility to order the appropriate sanction. <u>See</u> <u>Fla. Bar v. Anderson</u>, 538 So. 2d 852, 854 (Fla. 1989); <u>see also</u> art. V, §15, Fla.

Const. However, generally speaking this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So. 2d 555, 558 (Fla. 1999).

The referee concluded that Rosenberg's actions warranted a suspension from the practice of law; we agree. See Fla. Stds. Imposing Law. Sancs. 4.52 ("Suspension is appropriate when a lawyer engages in an area of practice in which the lawyer knowingly lacks competence, and causes injury or potential injury to a client"); 6.22 ("Suspension is appropriate when a lawyer knowingly violates a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding"); 7.2 ("Suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). However, we find that Rosenberg's repeated failures to comply with court orders and his bad faith conduct, together with the aggravating factors found by the referee, warrant a suspension longer than ninety-one days. We conclude that a one-year suspension is appropriate.

The referee relied on Florida Bar v. Bloom, 632 So. 2d 1016 (Fla. 1994), as the basis for his recommended discipline. In that case, Bloom was named as the defendant in a lawsuit, resulting from his neglect and mismanagement of a real

- 14 -

estate matter. Bloom failed to timely answer interrogatories in the case, attend hearings, and pay costs imposed against him based on his failure to answer the interrogatories. Id. at 1017. When Bloom did not answer the trial court's order to show cause, the court entered an order imposing sanctions in the amount of $16,296. Id. Bloom then failed to answer interrogatories or attend depositions set in aid of execution of the judgment. Consequently, the trial court entered an order finding Bloom in indirect criminal contempt. On review, the Court found Bloom guilty of violating Bar Rules 4-3.4(d) and 4-8.4(d). Id. It held that Bloom's "flagrant disregard for the judicial process" warranted a ninety-one day suspension. Id.

In the present case, the referee stated he believed Rosenberg's actions warranted a lengthier suspension. Nonetheless, the referee felt constrained by Bloom to recommend that Rosenberg be suspended for only ninety-one days. Although Rosenberg's misconduct is similar to that in Bloom, the case is distinguishable. For more than a year, Rosenberg refused to comply with numerous circuit orders requiring him to produce documents. He also continued to raise objections to production that had already been considered and ruled on by the circuit court. Both Judge Gerber and the referee noted concerns as to Rosenberg's fitness to practice.

We must also consider the referee's findings in aggravation. The referee found four aggravating factors: Rosenberg engaged in multiple offenses, and multiple instances of the same offense; he has refused to acknowledge the wrongful nature of his misconduct; he has substantial experience in the practice of law; and he has failed to pay any portion of the attorney's fee award imposed against him in 2007. It is particularly significant that Rosenberg has refused to accept the wrongful nature of his misconduct. Rather, he continues to attempt to relitigate Judge Gerber's order imposing sanctions. He has not paid any portion of the sanction entered against him, even though Judge Gerber's order was affirmed on appeal in 2009. Moreover, Rosenberg has continued his abusive litigation practices before both the referee and this Court; he has filed numerous motions, many of which are procedurally improper and without merit.

Finally, as the Bar has pointed out, since the decision in <u>Bloom</u>, the Court has moved toward imposing stronger sanctions for unethical and unprofessional conduct. See <u>Fla. Bar v. Adler</u>, 126 So. 3d 244, 247 (Fla. 2013) (noting that "this Court has moved towards stronger sanctions for attorney misconduct"); <u>Fla. Bar v. Rotstein</u>, 835 So. 2d 241, 246 (Fla. 2002) (noting that many of the cases cited by the respondent were inapplicable "because the cited cases are dated and do not reflect the evolving views of this Court" and that "[i]n recent years, this Court has moved towards stronger sanctions for attorney misconduct"). Thus, we conclude

- 16 -

that the referee's recommendation for a ninety-one day suspension is not appropriate. We find instead that a one-year suspension is warranted.

## CONCLUSION

Accordingly, Respondent Erwin Rosenberg is hereby suspended from the practice of law for one year. Additionally, he shall not be reinstated to the practice of law until he complies with the terms and conditions set forth in the Report of Referee. The suspension will be effective thirty days from the date of this opinion so that Rosenberg can close out his practice and protect the interests of existing clients. If Rosenberg notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Rosenberg shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). Further, Rosenberg shall accept no new business from the date this opinion is filed until he is reinstated.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Erwin Rosenberg in the amount of $3,243.39, for which sum let execution issue.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.
LEWIS, J., concurs in result.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.

- 17 -

Original Proceeding – The Florida Bar

John F. Harkness, Jr., Executive Director and Adria E. Quintela, Staff Counsel, The Florida Bar, Tallahassee, Florida, and Tonya LaShun Avery, Bar Counsel, The Florida Bar, Miami, Florida,

    for Complainant

Erwin Rosenberg, pro se, Miami Beach, Florida,

    for Respondent