# Supreme Court of Florida

_____

No. SC18-724
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**RITA HORWITZ ALTMAN,**
Respondent.

May 7, 2020

PER CURIAM.

We have for review a referee's report recommending that Respondent, Rita Horwitz Altman, be found guilty of professional misconduct and publicly reprimanded and placed on probation for five years with special conditions. We have jurisdiction. *See* art. V, § 15, Fla. Const. As discussed below, after having considered the referee's report, the record in this case, and the parties' briefs, we approve the referee's findings of fact, recommendations as to guilt, and findings of aggravation and mitigation. We disapprove the referee's recommended discipline, and instead, we suspend Altman from the practice of law for three years.

## BACKGROUND

On May 11, 2018, The Florida Bar (Bar) filed with the Court a Petition for Contempt and Order to Show Cause alleging that Altman failed to respond to two official Bar inquiries that requested a response to a grievance filed against her. We issued an order directing Respondent to show cause why she should not be found in contempt for failing to respond to the Bar's inquiries. Altman filed a response to the petition and the Bar filed its reply thereafter. The petition for contempt was then referred to a referee for a hearing and recommendation.

Following the hearing, the referee filed her report making the following findings of fact. On or about March 8, 2016, a Bar complaint was filed against Altman alleging ineffective assistance of counsel. The Bar notified Altman of the complaint and requested a response to the complaint; Altman provided a response. The matter was placed on monitor status pending the outcome of the underlying proceedings.

Thereafter, the Bar forwarded the matter to the Fifteenth Judicial Circuit Grievance Committee "C" and assigned attorney Scott Weiss as the investigating member for further investigation. On November 16, 2017, Altman was advised in writing of the grievance committee referral and assignment to the investigating member.

Five days later, Weiss sent Altman a letter on official Florida Bar Grievance Committee letterhead, via certified mail to her record Bar address requesting additional information. Altman signed the certified mail receipt; however, she did not respond to the letter. At the hearing before the referee, Altman testified that during this time she had been in Colorado with her son who had an unexpected heart procedure. Nevertheless, she was back in town before the Thanksgiving holiday to receive Weiss's letter. She also testified that after reading the letter, she put it on her "list of things to get done."

On January 3, 2018, Weiss sent Altman a second letter on official letterhead, informing her that she failed to respond to his first letter and gave her until January 14, 2018, a Sunday, to respond. On January 15, 2018, Altman emailed her response to Weiss. Thereafter, Weiss sent Altman a letter requesting additional information via email and certified mail to her record Bar address. In addition to receiving the letter by email on January 22, 2018, the certified mail receipt indicates that Altman's employee signed the certified mail receipt on January 24, 2018. At the hearing before the referee, Altman testified that she received the January 22, 2018, letter by certified mail and by email. This letter did not specify a due date; however, she admitted that she did not timely respond. Altman stated that she was "shocked" and "surprised" to receive an additional request for information and that she thought she had sufficiently responded previously. She

testified that she put the letter in her file "of things to be done," intending to reply. Pursuant to Rule Regulating the Florida Bar 4-8.4(g), a response to the January 22, 2018, letter was due on February 6, 2018. Altman further testified that from February 4 through 12, 2018, her elderly mother was hospitalized, and she continued to run her busy practice, putting her clients before herself.

On March 7, 2018, Weiss forwarded the January 22, 2018, letter with a follow-up letter via email and certified mail to Respondent's record Bar address. The follow-up letter informed Altman that she failed to respond to the January 22, 2018, letter and further stated, "Pursuant to Rule Regulating the Florida Bar 4-8.4(g), you have ten (10) days to respond to my request. You are required to respond on or before March 19, 2018." According to the postal records, the letter was received by Altman's office on March 12, 2018. During the hearing before the referee, Altman admitted to receiving the email and certified letter and "placed it with other letters of 'to do' regarding this case."

On March 23, 2018, the Bar filed a Request for Issuance of Notice of Non-Compliance and Finding of Contempt before the grievance committee. On March 23, 2018, the Bar also mailed a letter to Altman informing her that the grievance committee would be considering the Request for Issuance of Notice of Non-Compliance and Finding of Contempt on April 18, 2018, and that she had the

opportunity to make a written statement to the committee no later than five days prior to April 18, 2018.

On March 29, 2018, Altman telephoned Dr. Scott Weinstein, Clinical Director for FLA, Inc., who had personally counseled her as a condition of probation in previous disciplinary matters. Dr. Weinstein advised Altman to contact Bar Counsel. She attempted to contact Bar Counsel via telephone; however, Bar Counsel directed her to submit her request in writing to the grievance committee. Dr. Weinstein also recommended that Altman hire attorney David Rothman as counsel to represent her in this matter.

On April 10, 2018, Altman filed a response to the Bar's Request for Issuance of Notice of Non-Compliance and Finding of Contempt. At the hearing before the referee, she testified that prior to sending the response to the committee, she and her attorney reviewed it and she authorized her attorney to send it on her behalf. In her response to the committee, Altman answered the questions posed by Weiss in his prior letter, apologized, and asked that the Request for Issuance of Non-Compliance and Finding of Contempt be withdrawn. In the response, she further stated that there was good cause for her failure to respond to the January 22, 2018, letter: the letter had no due date and Altman's elderly mother was hospitalized, causing havoc in her professional and personal life. The response to the committee

specifically states, "As the only child living in Florida, the care of Ms. Altman's mother was, as always, all in Ms. Altman's hands."

At the final hearing, Altman testified that she has four siblings and that two of her siblings reside in Florida, contradicting the statement that she made in her response to the committee, where she specifically stated that she was "the only child living in Florida."  The referee found that Altman made this misrepresentation in an attempt to minimize her culpability in failing to timely respond.  Altman corrected her testimony at the final hearing, stating that she is the only child living in Florida who cares about her mother.  Nevertheless, Altman still failed to respond to the subsequent March 7, 2018, letter which was received after her mother was out of the hospital and rehabilitation.

In her response to the committee, regarding the March 7, 2018, letter, Altman claimed to be "overcome with fear," yet she acknowledged at the final hearing that the fear was not reasonable.  At the final hearing, Altman admitted that she did not timely respond to Weiss's letters.  She expressed remorse for her failure to timely respond to the Bar.  She stated that she intended to respond but did not do so due to fear.

Based on the foregoing facts, the referee recommended that Altman be found guilty of having violated Bar Rule 4-8.4(g)(2) ("A lawyer shall not fail to respond, in writing, to any official inquiry by bar counsel or a disciplinary agency,

as defined elsewhere in these rules, when bar counsel or the agency is conducting an investigation into the lawyer's conduct. A written response shall be made . . . within 10 days of the date of any follow-up written investigative inquiries by bar counsel . . . .").

In determining the recommended sanction, the referee relied on the Standards for Imposing Lawyer Sanctions (Standards) and found the following aggravating and mitigating factors. In aggravation, the referee found three factors: Standards 9.22(a) (prior disciplinary offenses); 9.22(d) (multiple offenses); and 9.22(i) (substantial experience in the practice of law). She found five mitigating factors: 9.32(c) (personal or emotional problems); 9.32(d) (timely good-faith effort to rectify the consequences of misconduct); 9.32(g) (character or reputation); 9.32(l) (remorse); and 9.32(m) (remoteness of prior offenses).

Based on her findings of fact, recommendations as to guilt, and findings in aggravation and mitigation, the referee recommended that Altman be publicly reprimanded by publication in the Southern Reporter and placed on probation for five years with special conditions. The referee also recommended that Altman pay the Bar's costs. The Bar seeks review of the recommended discipline.

## ANALYSIS

We approve the referee's findings of fact, recommendations as to guilt, and findings in aggravation and mitigation without further discussion. The Bar

challenges the referee's recommended discipline of a public reprimand followed by probation, and instead seeks disbarment. In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is the Court's responsibility to order the appropriate sanction. *See Fla. Bar v. Picon*, 205 So. 3d 759, 765 (Fla. 2016) (citing *Fla. Bar v. Anderson*, 538 So. 2d 852, 854 (Fla. 1989)). At the same time, this Court will generally not second-guess the referee's recommended discipline, as long as it has a reasonable basis in existing case law and the standards. *See Fla. Bar v. Alters*, 260 So. 3d 72, 83 (Fla. 2018); *Fla. Bar v. De La Torre*, 994 So. 2d 1032 (Fla. 2008). Significantly, this Court has moved towards imposing harsher sanctions. *See Fla. Bar v. Parrish*, 241 So. 3d 66, 80 (Fla. 2018) (citing *Fla. Bar v. Rosenberg*, 169 So. 3d 1155, 1162 (Fla. 2015) ("[S]ince the decision in [*Florida Bar v.*] *Bloom* [632 So. 2d 1016 (Fla. 1994)], the Court has moved toward imposing stronger sanctions for unethical and unprofessional conduct.")).

As a starting point, we look to the standards. *See Fla. Bar v. Behm*, 41 So. 3d 136 (Fla. 2010). Standard 7.2 provides that suspension is appropriate when "a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system." However, standard 8.1 provides that absent aggravating or mitigating

circumstances, disbarment is appropriate when a lawyer "has been suspended for the same or similar misconduct, and intentionally engages in further similar acts of misconduct." Both of these standards clearly apply to Altman's misconduct.

The Bar urges this Court to disapprove the referee's recommended discipline based in part upon Altman's prior disciplinary history. In *Florida Bar v. Altman*, 819 So. 2d 140 (Fla. 2002) (table), Altman failed to act with reasonable diligence and promptness in representing a client, failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, and failed to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. Altman also failed to respond, in writing, to an official Bar inquiry into her conduct. Accordingly, she was publicly reprimanded and placed on probation for one year.

Thereafter, Altman was suspended for thirty days for failing to act with reasonable diligence and promptness in representing a client, failing to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, and failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. *Fla. Bar v. Altman*, 902 So. 2d 792 (Fla. 2005) (table). She also failed to respond to multiple inquiries from the Bar and the investigating member of the grievance committee. *Id*.

That same year, the Court suspended Altman for thirty days to run concurrent with her suspension in *Florida Bar v. Altman*, 902 So. 2d 792 (Fla. 2005), followed by one year of probation. *Fla. Bar v. Altman*, 917 So. 2d 195 (Fla. 2005) (table). In that case, Altman again failed to respond to an official Bar inquiry and failed to appear before a grievance committee despite personal service of a subpoena. However, she did eventually appear before the grievance committee's investigating member to produce her file.

Lastly, in *Florida Bar v. Altman*, 935 So. 2d 1220 (Fla. 2006), the Court found Altman in contempt and suspended her until she certified compliance with two grievance committee subpoenas. In that case, she failed to render competent representation in immigration proceedings, failed to timely respond and produce required information as requested in a subpoena, and failed to file any response with the Court. More than a year after we issued our order suspending her from the practice of law in this case, Altman filed a response and complied with the grievance committee's subpoenas. She was reinstated to the practice of law by order dated August 21, 2007. *Fla. Bar v. Altman*, 965 So. 2d 123 (Fla. 2007) (table).

In light of Altman's extensive disciplinary history and the applicable standards, we agree with the Bar that a public reprimand followed by probation is too lenient. This Court takes very seriously every attorney's obligation to

- 10 -

completely and timely respond to Bar inquiries. Further, in imposing discipline, this Court typically takes an incremental approach, imposing increasingly heavier sanctions on respondents who have previously been disciplined for engaging in similar misconduct. *See Fla. Bar v. Walkden*, 950 So. 2d 407, 411 (Fla. 2007); *see also Fla. Bar v. Norkin,* 132 So. 3d 77, 92 (Fla. 2013) (public reprimand, then a two-year suspension); *Fla. Bar v. Morgan*, 938 So. 2d 496, 499-500 (Fla. 2006) (public reprimand, ten-day suspension, then a ninety-one-day suspension); *Fla. Bar v. Carlon*, 820 So. 2d 891 (Fla. 2002) (public reprimand, admonishment, indefinite probation, then ninety-one-day suspension).

The referee also found that Altman made a misrepresentation in her response to the grievance committee. Specifically, in her response, she stated, "As the only child living in Florida, the care of her mother was, as always, all in Ms. Altman's hands." Altman repeated the same statement in her response to the Court's May 14, 2018, order. During the hearing before the referee, Altman was asked about her family situation and she testified that she has two siblings who live in Florida, one living in Broward County and the other living in Sarasota. She also testified that she reviewed and approved the response to the Court's May 14, 2018, order before her attorney filed it with the Court. During cross-examination, Altman clarified that she is her mother's primary caretaker and admitted that the statements in her responses to the grievance committee and the Court were "not accurate."

The referee found that Altman's misrepresentation was "an attempt to minimize her culpability in failing to timely respond." In considering the appropriate discipline, the Court has not hesitated to consider a referee's finding that a respondent attorney acted deceptively during the disciplinary process, even where the referee failed to find standard 9.22(f) (submission of false evidence, false statements, or other deceptive practices during the disciplinary process) as an aggravating factor. *See, e.g. Fla. Bar v. Fortunato*, 788 So. 2d 201, 203 (Fla. 2001) (stating that the finding that an attorney presented false, confusing, and deliberately misleading testimony at the disciplinary hearing was a "significant" aggravating factor and that such a finding does not have to be explicitly labeled as such by the referee to be considered).

Here, Altman knowingly failed to timely respond to multiple Bar inquiries and misrepresented information to minimize her culpability in failing to timely respond to those inquiries. In light of Altman's extensive disciplinary history, the applicable standards and our case law, we conclude that the referee's recommendation of a public reprimand followed by probation is not supported. Altman is hereby suspended for three years. The suspension will be effective thirty days from the filing of this opinion so that Altman may close out her practice and protect the interests of existing clients. If Altman notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing

clients, this Court will enter an order making the suspension effective immediately.

Altman shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). Further,

Altman shall accept no new business from the date this opinion is filed until the

suspension is completed and she is reinstated.

Judgment is entered for The Florida Bar, 651 East Jefferson Street,

Tallahassee, Florida 32399-2300, for recovery of costs from Rita Horowitz Altman

in the amount of $3,451.11, for which sum let execution issue.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ.,
concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE
EFFECTIVE DATE OF THIS SUSPENSION.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, Tallahassee, Florida, Linda Ivelisse
Gonzalez, Bar Counsel, and Patricia Ann Toro Savitz, Staff Counsel, The Florida
Bar, Sunrise, Florida,

for Complainant

David B. Rothman and Jeanne T. Melendez of Rothman & Associates, P.A.,
Miami Florida,

for Respondent