# Supreme Court of Florida

_____

No. SC14-2049
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**CYRUS A. BISCHOFF,**
Respondent.

[March 2, 2017]

PER CURIAM.

We have for review a referee's report recommending that Respondent, Cyrus A. Bischoff, be found guilty of professional misconduct in violation of the Rules Regulating the Florida Bar (Bar Rules) and suspended from the practice of law for one year. We have jurisdiction. See art. V, § 15, Fla. Const. We approve the referee's findings of fact, recommendations as to guilt, and the recommended sanction, and suspend Bischoff for one year.

## FACTS

In October 2014, The Florida Bar filed a complaint against Respondent Bischoff, alleging that he engaged in misconduct in violation of the Bar Rules. A

referee was appointed to consider the matter. Following a hearing, the referee submitted her report for the Court's review, in which she made the following findings and recommendations.

Bischoff was retained by a client to represent her in a lawsuit filed in the United States District Court for the Southern District of Florida. Bischoff filed three versions of the complaint in 2011 and 2012; the final version, the Second Amended Complaint, raised claims against three defendants for whistleblower protection, unlawful discharge, and malicious or wrongful garnishment. On May 24, 2013, Judge Robert Scola issued an "Order Dismissing Case with Prejudice," finding that Bischoff and the client had engaged in discovery violations that demonstrated a clear pattern of contumacious conduct. Subsequently, on February 24, 2014, Magistrate Judge Alicia Otazo-Reyes issued an order granting a motion for attorney's fees against Bischoff individually, finding that Bischoff knowingly and recklessly pursued frivolous claims, engaged in discovery-related misconduct, and failed to comply with court orders. As a sanction, the magistrate ordered Bischoff to pay $77,790.49 in fees and costs.

Bischoff's conduct in the federal case is detailed extensively in Judge Scola's and Magistrate Judge Otazo-Reyes's orders. Bischoff and his client did not respond to the defendants' requests for discovery, and they refused to attend the client's deposition. The defendants were forced to file motions seeking to

compel discovery and the client's deposition. On November 19, 2012, Bischoff electronically filed a "Notice of Serving Responses to Discovery Requests." Magistrate Judge Otazo-Reyes found that Bischoff, using the federal court's electronic filing system, linked the Notice to a pending motion to compel written discovery; as a result, the magistrate judge believed that Bischoff had provided the requested discovery materials, and she denied the motion to compel as moot. The defendants then filed a motion for reconsideration asserting that Bischoff had not actually submitted any responses to any of the pending discovery requests. The magistrate judge held a hearing on the motion for reconsideration, as well as on other pending discovery motions, on December 21, 2012. Bischoff failed to attend the hearing, but he appeared by telephone. Following this hearing, the magistrate judge entered an order granting motions to compel the client's deposition, requiring her to sit for deposition no later than January 31, 2013, and ordering Bischoff and the client to fully respond to the outstanding discovery requests, without objections, by January 7, 2013; the order reserved ruling on the issue of sanctions.

Following the December 2012 order, in early 2013, the defendants filed a motion to dismiss asserting that Bischoff either did not provide discovery materials by January 7, or that the material he did provide was incomplete or insufficient. The motion also asserted that Bischoff was proposing to schedule the client's

deposition after the January 31 deadline.  Ultimately, the client did sit for her deposition on January 31, 2013.  However, she refused to answer any questions submitted by two of the three defendants.  In a telephonic hearing, Magistrate Judge Otazo-Reyes clarified that her order of December 21, 2012, required the client to appear for questioning by all three defendants.  Nonetheless, the client, counseled by Bischoff, continued to refuse questioning.  Several days after the deposition concluded, Bischoff filed an objection to the magistrate judge's telephonic ruling.  Judge Scola overruled the objection, finding that Bischoff's arguments, and his persistence in claiming that Magistrate Judge Otazo-Reyes's own order did not mean what she said it meant, showed a profound lack of respect for the court.

On February 12, 2013, Magistrate Judge Otazo-Reyes held a second discovery hearing.  During this hearing, the magistrate judge found, among other things: that there was no justification for the client's refusal to appear for her deposition in November 2012; that Bischoff and the client did not fully comply with the magistrate judge's order of December 21, 2012, setting discovery deadlines; that Bischoff's November 19, 2012, notice of serving responses to discovery, when in fact no discovery responses were provided, was misleading; and that Bischoff and the client had showed flagrant disrespect for the court.  Based on these findings, Magistrate Judge Otazo-Reyes directed the defendants to

- 4 -

submit affidavits documenting their attorneys' fees and costs. She allowed Bischoff and the client one week to respond to the affidavits; however, Bischoff and the client did not respond within the time allowed. Accordingly, on March 20, 2013, the magistrate judge issued an order awarding the defendants attorneys' fees and costs; the client was ordered to pay the sanction by April 30, 2013.

The client did not pay the attorneys' fee award by the April 30 deadline, and on May 14, 2013, Judge Scola issued an order directing her to show cause as to why the case should not be dismissed. On May 24, 2013, Judge Scola issued an order dismissing the case with prejudice. In this dismissal order, Judge Scola found that Bischoff's November 19, 2012, notice of serving discovery responses, when no such responses were provided, was a misrepresentation so blatant and deceitful that it must be viewed as an intentional misrepresentation to the court. Judge Scola also found that the client's appeals of the magistrate judge's orders, through Bischoff as her attorney, showed a profound lack of respect for the court. Accordingly, Judge Scola concluded that the client had engaged in a clear pattern of contumacious conduct that warranted the dismissal of her case.

Following the dismissal, Bischoff withdrew as counsel for the client. In October 2013, two of the defendants filed a motion for attorney's fees and costs,

pursuant to 28 U.S.C. § 1927.[1] Magistrate Judge Otazo-Reyes held a hearing on the motion, and on February 24, 2014, she issued her order directing Bischoff to pay $77,790.49 in attorney's fees.

In the disciplinary case at hand, it is clear that the referee relied on Judge Scola's and Magistrate Judge Otazo-Reyes's detailed orders in making her findings of fact.[2] However, it is also apparent that the referee independently reviewed the docket and proceedings in the federal suit, and used this information to form her own conclusions. Indeed, the referee found that Bischoff's conduct demonstrated a lack of competency in handling the client's case, and that his misrepresentations to the court and other conduct served to obstruct the discovery process.

First, the referee found that Bischoff lacked the legal knowledge and skill necessary to represent the client. Though Bischoff had practiced in federal court for seven years before the client's case, the referee found his actions demonstrated that he did not understand the basic requirements to litigate cases in a federal court.

---

1. 28 U.S.C. § 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

2. This Court has stated that "the referee in a disciplinary proceeding may consider judgments entered in other tribunals, and may properly rely on such judgments to support his or her findings of fact." Fla. Bar v. Rosenberg, 169 So. 3d 1155, 1159 (Fla. 2015); Fla. Bar v. Gwynn, 94 So. 3d 425, 430 (Fla. 2012).

He did not comply with the Federal Rules of Civil Procedure in amending his complaint, and he made no effort to communicate with opposing counsel in filing motions for extensions of time. The referee further found that Bischoff failed to inform himself on the applicable law. Every version of the complaint that he filed failed to allege whether the client had exhausted her administrative remedies. And, even more significantly, each version of the complaint also failed to allege an essential element of the wrongful wage garnishment claim—that the client had been involuntarily separated from a prior employer, making her exempt from garnishment under the statute.[3] Additionally, the referee found that Bischoff filed a motion to certify class without even minimally investigating whether other class members existed. Finally, he filed frivolous objections or appeals to Judge Scola challenging Magistrate Judge Otazo-Reyes's authority to rule on motions. The referee found that the magistrate judge explained to Bischoff the law and the scope

---

3. On this point, the referee noted that there was evidence the client asked to be terminated by the prior employer. Bischoff testified that he did not recall whether he discussed the involuntary separation issue with his client. The referee found this statement was not credible, concluding: "The undersigned finds that, if, Mr. Bischoff had not in fact discussed [the client's] separation from her employer and investigated the issue to any depth he would have been at the very least ineffective, negligent, and/or naïve." The referee noted Bischoff may have been able to allege that, because of a hostile working environment, the client's request to be terminated was not truly voluntary. But, the referee found that Bischoff's failure to raise the issue at all "speaks volumes about his legitimate intention and that he did in fact possess the knowledge that he could not meet the threshold requirements under the law."

of her authority to make recommendations on dispositive motions; nonetheless, Bischoff's appeals continued to challenge her authority. The referee noted that while Bischoff did have a duty to use the law for the fullest benefit of his client's cause, he also had a duty not to abuse the legal procedure.

In addition to his lack of competence, the referee found that Bischoff obstructed the discovery process, refused to comply with court orders, filed frivolous pleadings and objections to the magistrate judge's rulings, and made false statements to the federal court. Bischoff did not timely comply with any of the defendants' requests for production of documents or motions to compel written discovery, and he refused to produce his client for a deposition until the last possible day. He filed frivolous objections or appeals regarding Magistrate Judge Otazo-Reyes's orders, raising challenges to her authority to rule. And he refused to comply with several of the magistrate judge's orders—indeed, the referee noted that instead of moving for a stay of execution, or pursuing any one of the numerous avenues available to him, Bischoff simply chose not to comply.

We note in particular that the referee found Bischoff made misrepresentations to the federal court. On November 19, 2012, he filed a notice of serving responses to discovery requests, in which he misrepresented to the magistrate judge that he had complied with a motion to compel discovery when he had not. Given his actions, the referee found that Bischoff, in effect, intentionally

concealed discovery documents. Additionally, the referee found that Bischoff failed to appear for the discovery hearing on December 21, 2012, and that he gave inconsistent reasons for his absence. Bischoff initially told Magistrate Judge Otazo-Reyes that he did not receive notice of the hearing. This contention was refuted by entries on the docket showing that Bischoff was electronically served with two orders setting the discovery matters for hearing. Bischoff then stated that he received an e-mail from opposing counsel indicating that the hearing would be reset; however, Bischoff knew, or should have known, that in a federal court only the judge is authorized to reset a hearing, and that the magistrate judge had not issued any such order. Ultimately, the referee found that Bischoff was leaving for a vacation on the day of the hearing, and he simply chose not to attend.

Based on these facts, the referee recommends that Bischoff be found guilty of violating Bar Rules 4-1.1 (a lawyer shall provide competent representation to a client); 4-3.1 (a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous); 4-3.3 (a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer); 4-3.4(a) (a lawyer must not unlawfully obstruct another party's access to evidence or otherwise unlawfully alter, destroy, or conceal a document or other material that the lawyer knows or

reasonably should know is relevant to a pending or a reasonably foreseeable proceeding); 4-3.4(c) (a lawyer must not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists); 4-3.4(d) (a lawyer must not, in pretrial procedure, make a frivolous discovery request or intentionally fail to comply with a legally proper discovery request by an opposing party); and 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice).

The referee found six aggravating factors in this case: (1) dishonest or selfish motive; (2) pattern of misconduct; (3) multiple offenses; (4) refusal to acknowledge the wrongful nature of the conduct; (5) vulnerability of the victim; and (6) substantial experience in the practice of law. The referee also considered three mitigating factors: (1) no prior disciplinary record; (2) evidence showing good character and reputation; and (3) other penalties or sanctions.

Ultimately, based on her findings of fact, recommendations as to guilt, the aggravating and mitigating factors, and case law, the referee recommended that Bischoff be suspended from the practice of law for one year, and that he be ordered to pay the Bar's costs. Bischoff seeks review of the referee's recommendations, challenging the fairness of the proceedings before the referee, the referee's recommendations as to guilt, and the recommended sanction.

- 10 -

## ANALYSIS

Bischoff first argues that he was denied a fair and impartial hearing before the referee, and that the cumulative effect of the referee's procedural errors require that the case be remanded for a new hearing. We do not agree. Bischoff primarily relies on two alleged errors: (1) although he elected not to testify, the referee questioned him after the parties rested their cases, he was not placed under oath for such questioning, and the referee relied on Bischoff's answers to these questions in making her findings of fact and recommendations as to guilt; and (2) the Bar was also allowed to cross-examine Bischoff after it rested its case. This Court has long held that Bar disciplinary cases are neither civil nor criminal, but rather are "quasi-judicial administrative proceedings." See R. Regulating Fla. Bar 3-7.6(f)(1); Fla. Bar v. Vannier, 498 So. 2d 896, 898 (Fla. 1986). Accordingly, the referee is not bound by the technical rules of evidence, hearsay evidence generally is admissible, and the respondent has no right to confront witnesses. Vannier, 498 So. 2d at 898. Moreover, Bar Rule 3-7.6(j) provides that, unless the respondent in a disciplinary case claims a privilege or right properly available under a federal or state law, the respondent may be called as a witness by the Bar and questioned on "all matters material to the issues." Construing these principles together, we conclude the referee is authorized to ask questions of the respondent to clarify relevant facts and issues, even if the respondent does not testify as a witness. And, in any

disciplinary proceeding, the respondent has an obligation to answer the referee's questions truthfully, regardless of whether he or she is placed under oath. See R. Regulating Fla. Bar 4-8.1(a) (a lawyer in connection with a disciplinary matter shall not knowingly make a false statement of material fact).

Here, the referee asked Bischoff a series of questions after both parties rested their cases. Bischoff's counsel did not raise any objection to the referee's questions. In fact, counsel stated he had no objection to the questioning. As a result, Bischoff has waived the right to challenge the referee's questioning now. See Fla. Bar v. Behm, 41 So. 3d 136, 143 (Fla. 2010) (concluding that attorney waived review of issue where the issue was not presented to the referee). Counsel did object when the referee permitted the Bar to cross-examine Bischoff, arguing that the Bar had concluded the evidentiary portion of its case. Although the referee allowed the cross-examination to proceed over counsel's standing objection, she also offered Bischoff's counsel the same opportunity to question Bischoff—though he too had rested his case—in order to clarify any issues that he felt should be addressed. Accordingly, there is no evidence that Bischoff was prejudiced by the Bar's cross-examination.

Turning next to the referee's recommendations as to guilt, Bischoff challenges the referee's recommendation that he be found guilty of violating Bar Rules 4-1.1, 4-3.1, 4-3.3, and 4-3.4(a), (c), and (d). To the extent he challenges the

referee's findings of fact as to each rule violation, the Court's review of such matters is limited, and if a referee's findings of fact are supported by competent, substantial evidence in the record, this Court will not reweigh the evidence and substitute its judgment for that of the referee. Fla. Bar v. Frederick, 756 So. 2d 79, 86 (Fla. 2000); see also Fla. Bar v. Jordan, 705 So. 2d 1387, 1390 (Fla. 1998). To the extent Bischoff challenges the recommendations as to guilt, the Court has stated that the referee's factual findings must be sufficient under the applicable rules to support the recommendations. See Fla. Bar v. Shoureas, 913 So. 2d 554, 557-58 (Fla. 2005).

As we have discussed, Bischoff's conduct during the client's case is well documented in Judge Scola's May 24, 2013, "Order Dismissing Case with Prejudice," and in Magistrate Judge Otazo-Reyes's February 24, 2014, order imposing sanctions. We conclude that the facts laid out in these orders, and supported by the referee's own review of the record, provide ample support for the referee's findings of fact and recommendations as to guilt. Bischoff failed to act competently on behalf of the client, in violation of Bar Rule 4-1.1, when he failed to comply with the Federal Rules of Civil Procedure, failed to adequately research his client's causes of action to know what elements were required, and filed objections and appeals challenging Magistrate Judge Otazo-Reyes's authority to hear specific motions, where her authority to hear those motions and enter orders

- 13 -

or make recommendations was specifically outlined in federal law. We agree with the referee that these objections and appeals, and other of Bischoff's pleadings, were also frivolous, in violation of Bar Rule 4-3.1. Additionally, Bischoff made false statements of fact or law to a tribunal, in violation of Bar Rule 4-3.3, when he filed a false notice indicating that he had served discovery responses, when in fact he did not provide any such responses. And finally, Bischoff obstructed the defendants' access to evidence, knowingly disobeyed court orders, and refused to comply with legally proper discovery requests, in violation of Bar Rules 4-3.4(a), (c), and (d), when he ignored motions for discovery filed by the defendants and refused to provide the discovery materials; ignored the magistrate's discovery order of December 21, 2012, directing the client to file responses to discovery requests without objections by January 7, 2013; and counseled his client during her deposition on January 31, 2013, to ignore the magistrate's direct order to answer questions from all three defendants. Bischoff's discovery violations significantly delayed the client's lawsuit, and ultimately led Judge Scola to dismiss the suit. Given this evidence in the record, we approve the referee's findings of fact and recommendations as to guilt in full.

Based on his misconduct, the referee recommends that Bischoff be suspended from the practice of law for one year. Bischoff urges the Court to disapprove this sanction. In reviewing a referee's recommended discipline, this

Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is the Court's responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So. 2d 852, 854 (Fla. 1989); see also art. V, §15, Fla. Const. However, generally speaking, this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So. 2d 555, 558 (Fla. 1999).

The referee's findings in this case demonstrate that Bischoff knowingly and recklessly pursued frivolous claims, he repeatedly engaged in discovery-related misconduct, and he failed to comply with court orders and rules. Our decision in Florida Bar v. Rosenberg, 169 So. 3d 1155 (Fla. 2015), provides guidance. In that case, Rosenberg represented the defendants in a breach of contract case. He refused to timely respond to the plaintiffs' requests for discovery, and he filed objections to those discovery requests that continued to raise objections that the presiding judge had overruled or concluded were waived. As a result, the judge issued an order granting the plaintiffs' motion for sanctions. Id. at 1155. The judge also directed Rosenberg to show cause why he should not be sanctioned for bad faith conduct, and set a hearing on the matter. Rosenberg declined to testify at the hearing. Accordingly, the judge issued an order imposing attorney's fees. At

the time the Court considered his case, Rosenberg still had not paid any portion of the attorney's fees.  Id. at 1158.

On review in Rosenberg, the Court approved the referee's recommendations as to guilt, noting:

> Rosenberg seeks to relitigate Judge Gerber's findings and conclusions as to his bad faith conduct in the civil litigation. Such arguments are not proper in this disciplinary case. The issue here is not whether Rosenberg properly raised certain objections to the plaintiffs' motions to compel production; however, he may not repeatedly continue to raise those same objections after they have already been considered and ruled upon, and he may not refuse to comply with the numerous orders to compel entered by the circuit courts in both Miami–Dade County and Palm Beach County.

Id. at 1160.  The Court, however, disapproved the referee's recommended sanction, finding that "Rosenberg's repeated failures to comply with court orders and his bad faith conduct, together with the aggravating factors found by the referee, warrant a suspension longer than ninety-one days."  Id. at 1161-62. Indeed, the Court concluded that for more than a year, Rosenberg had refused to comply with numerous circuit court orders requiring him to produce documents; he continued to raise objections to production that had already been considered and ruled upon by the circuit court; he consistently refused to accept the wrongful nature of his actions; and he had not paid any portion of the sanctions entered against him, even though the circuit court's order was affirmed on appeal.  Id. at 1162.  The Court concluded that a one-year suspension was appropriate.

We conclude that Bischoff's conduct warrants the same sanction as that in Rosenberg. Bischoff, like Rosenberg, refused to respond to valid and legally proper discovery requests, and he did not comply with court orders, resulting in sanctions. We note that Bischoff also made misrepresentations to a federal court, and that his conduct contributed to the dismissal of his client's case with prejudice. Nonetheless, we have considered the referee's findings in aggravation and mitigation, particularly the referee's finding in the report that the client was challenging to work with, and the fact that Bischoff has paid in full the sanctions ordered by Magistrate Judge Otazo-Reyes, and we conclude that a one-year suspension is appropriate.

**CONCLUSION**

Accordingly, Cyrus A. Bischoff is hereby suspended for one year. The suspension will be effective thirty days from the date of this opinion so that Bischoff can close out his practice and protect the interests of existing clients. If Bischoff notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Bischoff shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). Further, Bischoff shall accept no new business from the date this opinion is filed until he is reinstated.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Cyrus A. Bischoff in the amount of $4,340.00, for which sum let execution issue.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur.
LAWSON, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.

Original Proceeding – The Florida Bar

John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Florida; Adria E. Quintela, Staff Counsel, The Florida Bar, Sunrise, Florida; and Jennifer R. Falcone, Bar Counsel, The Florida Bar, Miami, Florida,

for Complainant

Alan Martin Medof, Boca Raton, Florida,

for Respondent