# Supreme Court of Florida

_____

No. SC16-1773
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**MADSEN MARCELLUS, JR.,**
Respondent.

[July 19, 2018]

PER CURIAM.

We have for review a referee's report recommending that Respondent, Madsen Marcellus, Jr., be found guilty of professional misconduct and suspended from the practice of law for one year. We have jurisdiction. *See* art. V, § 15, Fla. Const. We approve the referee's findings of fact and recommendations as to guilt, but disapprove the referee's recommended sanction, and instead suspend Madsen Marcellus, Jr., from the practice of law for eighteen months, as set forth below.

## BACKGROUND

The Florida Bar (the Bar) filed a complaint with the Court alleging that Respondent, Madsen Marcellus, Jr., violated various Rules Regulating the Florida

Bar (Bar Rules). The case was referred to a referee, and the referee filed his report with the Court. Both Marcellus and the Bar sought review of the referee's report.

The referee made the following findings of fact in his report. Marcellus was a party to dissolution of marriage proceedings that were initiated in 2009; the final hearing in the case took place in November 2009 and the Final Order on Petition for Dissolution of Marriage and Other Relief (Final Order) was issued on April 23, 2010. As reflected in the Final Order, the family court ordered Marcellus and his ex-wife, Kellie Peterson Gudger, to either refinance the marital home into solely Marcellus's name within thirty days of that hearing or sell the home. Although there was conflicting testimony at the final hearing before the referee, the referee found that Marcellus vacated the marital home sometime during the pendency of the divorce, and that the couple had arranged for sale of the home. Two days prior to the closing, after Gudger vacated the house and completed her portion of the paperwork for the sale of the home, Marcellus moved back into the home and refused to complete his portion of the paperwork; as a result, the sale fell through. Thereafter Marcellus refused to leave the home. After Marcellus reinhabited the home, he made several attempts to refinance the mortgage into his name alone. However, he was unable to do so based on his income.

In March 2010, Marcellus pursued another mortgage modification, this time with the help of a family friend, Curt Francis. Marcellus and Francis testified that

while applying for the mortgage modification, Marcellus contacted Gudger and asked her to apply for the modification with him, but she refused. Francis told Marcellus that he would call Gudger and convince her to sign the document. Francis left the room as if to call her, and returned shortly thereafter indicating that Gudger had agreed to allow him to execute the mortgage modification on her behalf. Francis signed the document, purportedly on Gudger's behalf, and notarized the signature which he himself affixed to the document. Marcellus knew that Francis signed the document and notarized his own signature. However, contrary to assertions by Marcellus and Francis, Gudger testified that neither Marcellus nor Francis called her regarding the modification application. She maintained that she never agreed to have Francis sign the modification application on her behalf. As a result of this action, Francis lost his notary commission in Florida. Ultimately, the mortgage modification application with the fraudulent signature was accepted and approved by the lender.

Gudger first learned of Marcellus's modification of the mortgage using the forged signature upon being served a foreclosure complaint filed by the lender on December 8, 2011, after Marcellus failed to make payments on the mortgage

following modification thereof.[1]  In June 2013, Gudger filed a motion for contempt with the family court as a result of Marcellus's failure to comply with the terms of the Final Order in their divorce case, requiring him to either refinance the home into solely his name within thirty days of the November 2009 final hearing or sell the home.  The family court ordered Marcellus to pay Gudger $2,500 in fees charged to prepare and file the contempt motion but ultimately declined to hold him in contempt of court.

Additionally, in May and June 2013, Gudger served Marcellus with various discovery requests regarding his alleged noncompliance with family court orders concerning child support and other matters.  At a July 24, 2013, hearing, the family court found that Marcellus had not responded to any of the discovery requests and ordered him to do so within ten days of that hearing.  Marcellus did not comply with that order and did not comply with any of the discovery requests for the next year of litigation.  Gudger filed several motions to compel discovery.  The family court granted Gudger's motions to compel on September 24, 2013, July 1, 2014, and September 11, 2014.  The family court sanctioned Marcellus for his failure to comply with its orders and ordered him to pay Gudger's attorneys' fees within

---

1. Following instigation of the foreclosure proceedings, Gudger quitclaimed her interest in the home.  However, the lender refused to dismiss its claims against her, and she remains a defendant in the pending foreclosure proceedings.

thirty days. Additionally, the September 11, 2014, order fined Marcellus $50 per day until he provided proof of compliance with the discovery requests. Subsequently, the family court issued an order directing Marcellus to appear before it on September 15, 2014, to show cause why he failed to comply with the court's prior orders and why he should not be sanctioned. Marcellus failed to appear, and the family court issued a writ of bodily attachment. Ultimately, the family court dissolved the writ after Marcellus's appearance at the next scheduled hearing so that the case could go forward, but expressed disbelief at Marcellus's excuse that his newly hired counsel, who also happened to be his law partner, failed to notify him of the Monday morning show cause hearing until after close of business on the preceding Friday.

The referee found that Marcellus remained in violation of several family court orders as of the date of the final hearing in this case. Specifically, the referee found that Marcellus had failed to pay the attorneys' fees or fines ordered by the family court on September 24, 2013, July 1, 2014, and September 11, 2014. He also found that Marcellus remained in violation of the family court's April 23, 2010, Final Order by remaining in the marital home and failing to refinance it out of Gudger's name. Additionally, the referee found that Marcellus took actions to evade arrest on the writ of attachment, such as exchanging vehicles with his

current wife so that he would not be found driving the vehicle described in the writ and avoiding his children's activities for fear of being arrested.

## RULE VIOLATIONS

The referee recommended that Marcellus be found to have violated Bar Rules 3-4.3 (Misconduct and Minor Misconduct); 4-3.4(a) (a lawyer must not unlawfully obstruct another party's access to evidence or otherwise unlawfully alter, destroy, or conceal a document or other material that the lawyer knows or reasonably should know is relevant to a pending or reasonably foreseeable proceeding); 4-3.4(b) (a lawyer must not fabricate evidence); 4-3.4(c) (a lawyer must not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists); 4-3.4(d) (a lawyer must not in pretrial procedure make a frivolous discovery request or intentionally fail to comply with a legally proper discovery request by an opposing party); 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice).

Marcellus challenges several of the referee's findings of fact and argues that the referee's recommendations as to guilt with regard to Bar Rules 4-3.4(a), (c), and (d), and 4-8.4(c) are not sufficiently supported by the referee's findings of fact.

Marcellus does not challenge the referee's recommendations that he be found guilty of violating Bar Rules 3-4.3, 4-3.4(b), and 4-8.4(d).

When reviewing a referee's findings of fact, "the Court will not reweigh the evidence and substitute its judgment for that of the referee" if the referee's findings of fact are supported by competent, substantial evidence in the record. *Fla. Bar v. Gwynn*, 94 So. 3d 425, 428 (Fla. 2012). Additionally, it is the referee's responsibility to make credibility determinations and resolve conflicts in the evidence presented at the final hearing. *Fla. Bar v. Niles*, 644 So. 2d 504, 506 (Fla. 1994). Further, the referee's findings of fact must be "sufficient" to support the recommendations as to guilt. *See Fla. Bar v. D'Ambrosio*, 25 So. 3d 1209, 1216 (Fla. 2009); *Fla. Bar v. Shoureas*, 913 So. 2d 554, 557-58 (Fla. 2005).

In this case, many of Marcellus's challenges to the referee's factual findings represent no more than credibility arguments. However, it is the respondent's burden to demonstrate that the referee's factual findings lack support, and simply "pointing to contradictory evidence where there also is competent, substantial evidence in the record that supports the referee's findings" will not suffice. *Fla. Bar v. Glick*, 693 So. 2d 550, 552 (Fla. 1997). Accordingly, those findings of fact are hereby approved without further discussion.

Marcellus does present several more substantive challenges to factual findings by the referee. Marcellus contends that he did not violate the family

court's April 23, 2010, Final Order on Petition for Dissolution of Marriage and Other Relief by obtaining a mortgage modification using Gudger's name because the Final Order was not issued until after the modification had occurred. However, the referee's finding that Marcellus violated the family court's order by his conduct is well supported by evidence, including the family court's order itself, which directed Marcellus to "within thirty (30) days *of the date of this hearing*, determine whether or not the house can be retained. If the house can be retained, [Marcellus] will refinance the mortgage out of [Gudger's] name within that thirty (30) day period." *Marcellus v. Marcellus*, No. 09-0511-37, at ¶ 25 (Fla. 17th Cir. Ct. Apr. 23, 2010) (emphasis added). If the house could not be refinanced, the family court directed Marcellus to "put the house up for sale as soon as possible." *Id.*

Similarly, although Marcellus challenges as unsupported the referee's finding that he refused to comply with various family court orders compelling him to respond to Gudger's discovery requests and to appear before it, the referee's finding is amply supported by evidence produced at the final hearing in this disciplinary matter. Marcellus offers as an explanation that he was represented by counsel for much of the time that Gudger's discovery requests went unanswered, and thus he is not personally liable. However, the record indicates that he proceeded pro se for over two months, during which time he refused to respond to pending discovery requests. Even after he was represented by counsel, he was

- 8 -

ordered by the family court on September 24, 2013, July 1, 2014, and September 11, 2014, to respond to various discovery requests; however, Marcellus refused to respond to the discovery requests for the next year of litigation.

Moreover, Marcellus's argument that his failure to appear before the family court for consideration of sanctions against him, despite having been ordered to do so, did not violate any Bar Rules because he was attending to matters on behalf of a client holds no water. Despite the fact that Marcellus knew about the order directing him to appear before the family court, the evidence before the referee indicates he made no attempt whatsoever to notify the family court that he would not be present as a result of his alleged obligation to appear on behalf of a client in another matter. Marcellus's excuse that he was not notified that his presence was required before the family court until after close of business on Friday preceding the Monday morning hearing is no excuse for his failure to have notified the family court that he would not be present, or to find another attorney to cover his prior obligations to clients.

Accordingly, because the referee's findings of fact are supported by competent, substantial evidence in the record, we hereby approve the referee's findings of fact. Because Marcellus's challenges to the referee's recommendations that he be found to have violated Bar Rules 4-3.4(a) and (d), and 4-8.4(c), rest solely on his challenges to the referee's factual findings underpinning those

recommendations, we hereby approve the referee's recommendations that Marcellus be found to have violated those rules without further comment.

Marcellus further challenges the referee's recommendation that he be found to have violated Bar Rule 4-3.4(c) "because this rule has an element of *scienter* and the Respondent certainly did not intend to mislead anyone." Respondent's Answer Brief and Initial Brief on Cross Appeal at 19. Bar Rule 4-3.4(c) provides that a lawyer must not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." However, failing to respond to discovery requests in the face of orders compelling responses is grounds for a violation of Bar Rule 4-3.4(c). *See, e.g.*, *Fla. Bar v. Bischoff*, 212 So. 3d 312 (Fla. 2017) (suspending attorney from the practice of law for failing to respond to discovery requests, filing a false notice of serving discovery responses, and instructing client not to respond to questions during deposition); *Fla. Bar v. Whitney*, 132 So. 3d 1095 (Fla. 2013) (suspending attorney from the practice of law for failing to take action in a case on behalf of client, failing to respond to discovery requests, and misrepresenting material facts to the presiding court).

We therefore approve the referee's findings of fact and recommendations that Marcellus be found to have violated Bar Rules 3-4.3, 4-3.4(a), (b), (c), and (d),

and 4-8.4(c) and (d). These findings are amply supported by the record before the referee.

FINDINGS IN AGGRAVATION AND SANCTION

The referee found that several aggravating and mitigating factors were present in this case. After considering the facts of the case, his findings in aggravation and mitigation, the applicable case law, and the applicable Florida Standards for Imposing Lawyer Sanctions (Standards), the referee recommended that Marcellus be suspended from the practice of law for one year and ordered to pay the Bar's costs. Marcellus challenges several of the referee's findings in aggravation as unsupported as well as the referee's recommended sanction; the Bar also challenges the referee's recommended sanction. For the reasons discussed below, we hereby approve the referee's findings in aggravation, but disapprove the referee's recommended sanction and instead suspend Marcellus from the practice of law for eighteen months.

In his report, the referee found the existence of seven aggravating factors: Standards 9.22(b) (dishonest or selfish motive); 9.22(c) (a pattern of misconduct); 9.22(d) (multiple offenses); 9.22(f) (submission of false evidence, false statements, or other deceptive practices during the disciplinary process); 9.22(h) (vulnerability of victim); 9.22(i) (substantial experience in the practice of law); and 9.22(j) (indifference to making restitution). "[A] referee's findings of mitigation and

aggravation carry a presumption of correctness and will be upheld unless clearly erroneous or without support in the record." *Fla. Bar v. Germain*, 957 So. 2d 613, 621 (Fla. 2007). The burden of demonstrating that the findings in aggravation or mitigation are clearly erroneous lies with the party challenging the findings. *See Fla. Bar v. Glick*, 693 So. 2d 550, 552 (Fla. 1997) (holding that the burden of disproving a referee's findings of fact or recommendations as to guilt is upon the party challenging those findings).

Here, Marcellus concedes that the referee's findings as to Standards 9.22(c), (d), and (i), are supported by evidence; he challenges the remaining findings in aggravation, oftentimes without providing any specific reference to authority supporting his position or demonstrating that the findings are without support in the record. Marcellus argues that the referee's finding that Gudger was a vulnerable victim was erroneous because she is "a practicing attorney and a litigator." Respondent's Answer Brief and Initial Brief on Cross Appeal at 24. However, this argument is clearly without merit. *See Fla. Bar v. Arcia*, 848 So. 2d 296, 298-99 (Fla. 2003) (finding a law firm to be a vulnerable victim in a case where one of its lawyers diverted fees from the law firm to his own personal accounts). Because Marcellus makes only general challenges to the remaining findings in aggravation, he has failed to meet his burden and we hereby approve

the remaining findings in aggravation without further comment. *See* R. Regulating Fla. Bar 3-7.7(c)(5).

With regard to the sanction, we disapprove the referee's recommendation that Marcellus be suspended from the practice of law for one year, and instead suspend him for eighteen months. This Court's scope of review in imposing discipline is broader than that afforded to the referee's factual findings because, ultimately, it is the Court's responsibility to order the appropriate sanction. *Fla. Bar v. Anderson*, 538 So. 2d 852, 854 (Fla. 1989); *see also* art. V, § 15, Fla. Const. The Court will generally not second-guess the referee's recommended sanction as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions, *see Florida Bar v. Temmer*, 753 So. 2d 555, 558 (Fla. 1999), although recently the Court has "moved toward imposing stronger sanctions for unethical and unprofessional conduct." *Fla. Bar v. Rosenberg*, 169 So. 3d 1155, 1162 (Fla. 2015).

The Florida Standards for Imposing Lawyer Sanctions dictate that a suspension is appropriate in this case. Specifically, Standards 6.12 ("Suspension is appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action.") and 6.22 ("Suspension is appropriate when a lawyer knowingly violates a court order or rule, and causes injury or potential

- 13 -

injury to a client or a party, or causes interference or potential interference with a legal proceeding.") are instructive in this case and provide that suspension is the appropriate sanction for Marcellus's actions. However, the length of the suspension imposed is guided by case law and the Court's discretion.

Due to the seriousness of Marcellus's misconduct in this case, we find that the referee's recommended sanction of a one-year suspension is too lenient. In reaching this conclusion, we found the following cases particularly instructive, although the conduct in each of these cases was less egregious than Marcellus's conduct in this case. First, we look to *Florida Bar v. Bischoff*, 212 So. 3d 312, 319 (Fla. 2017), in which the Court approved a referee's findings of fact demonstrating "that Bischoff knowingly and recklessly pursued frivolous claims, he repeatedly engaged in discovery-related misconduct, and he failed to comply with court orders and rules," and suspended Bischoff from the practice of law for one year. Bischoff failed to respond to discovery requests on behalf of his clients for over two years, despite the trial court's entry of several orders compelling him to do so; refused to produce his client for a deposition until after a court order directing him to do so, then advised his client to refuse to answer any questions during the deposition; filed a "Notice of Serving Responses to Discovery Requests" with a court despite having not served any such responses; and refused for some time to pay any of the attorneys' fees or sanctions ordered by the trial court. *Id.* at 314-16.

- 14 -

Notably, the referee in *Bischoff* found that he had eventually paid the fees and sanctions ordered by the trial court. *Id.* at 320.

We next look to *Florida Bar v. Rosenberg*, 169 So. 3d 1155 (Fla. 2015), for direction. Rosenberg was disciplined for having failed to respond to discovery requests on behalf of his clients for over a year, despite the circuit court's six orders compelling discovery in the case. *Id.* at 1156-57. He failed to provide complete discovery responses in the form dictated by the Florida Rules of Civil Procedure and refused to provide various information based on objections that had previously been overruled. *Id.* at 1157-58. The circuit court ordered Rosenberg to pay attorneys' fees as a result of his misconduct and for having acted in bad faith; the referee found that he never paid those sanctions. *Id.* at 1158. As a result of his misconduct, the Court suspended Rosenberg from the practice of law for one year. *Id.* at 1161-62.

We last turn to *Florida Bar v. Whitney*, 132 So. 3d 1095 (Fla. 2013), for guidance. The Court suspended Whitney from the practice of law for one year following his failure to take action in a case on behalf of his clients, as well as various discovery violations and misrepresentations to the court that he made in the context of another case in which he was the defendant. *Id.* at 1098. Whitney took over $60,000 in fees as well as the cost of travel to and from Brazil twice to handle the client's fiancée's immigration from Brazil. Despite receiving the fees, Whitney

took virtually no action with regard to the immigration and ultimately withdrew from representing that client without returning any fees. *Id.* at 1099-1100. In a subsequent lawsuit initiated by the client in connection with Whitney's deficient representation and failure to return fees, Whitney failed to appear for depositions, testified falsely at depositions when he finally appeared, waited six months to respond to any discovery requests, and then served incomplete responses. *Id.* at 1100-01. The referee found that although Whitney ultimately paid the judgment that was entered against him by the circuit court, he had not paid the almost $25,000 in attorneys' fees also ordered by the circuit court. *Id.* at 1101.

The lawyers in *Bischoff*, *Rosenberg*, and *Whitney* were each suspended from the practice of law for one year. Although Marcellus's conduct is similar to that in each of those cases, it is more severe and accordingly deserving of a more severe sanction. For instance, although Marcellus engaged in the same type of conduct as that at issue in *Bischoff*, he failed to pay any of the fees or sanctions ordered by the family court and remained in violation of the family court's 2010 Final Order on Petition for Dissolution of Marriage and Other Relief because he remained in the marital home and did not finance it out of Gudger's name. Not only did Marcellus refuse to comply with orders of the family court directing him to provide discovery responses for over a year, and refuse to pay the penalties associated therewith, but he also remained in violation of some of those orders as of May 30, 2017. He also

- 16 -

refused to appear before the family court for consideration of sanctions, and as a result the family court issued a writ of bodily attachment in order to compel his appearance. It is clear that, at least in the context of Marcellus's divorce case, he engaged in a pattern of deliberately disobeying and disregarding orders of the family court. "This Court has long held that 'cumulative misconduct of a similar nature warrants an even more severe discipline than might dissimilar conduct.' " *Fla. Bar v. Picon*, 205 So. 3d 759, 766 (Fla. 2016) (quoting *Fla. Bar v. Walkden*, 950 So. 2d 407, 410 (Fla. 2007)).

Moreover, unlike in *Bischoff*, *Rosenberg*, or *Whitney*, Marcellus submitted a mortgage modification application with a forged signature, despite having personally witnessed the forgery. Gudger discovered that her signature had been forged only after Marcellus failed to pay his mortgage and the bank filed suit to foreclose on the home; otherwise she would have never discovered Marcellus's conduct. Gudger remained a defendant in the pending foreclosure action solely as a result of Marcellus's misconduct. His conduct was entirely unbecoming of a lawyer, who is held within a position of trust and respect in our society, and cannot be tolerated. Although Marcellus committed this misconduct as a party to his own divorce, lawyers "do not cast aside the oath they take as an attorney or their professional responsibilities" just because they are litigants in personal matters. *Fla. Bar v. Cibula*, 725 So. 2d 360, 365 (Fla. 1998); *see Fla. Bar v. Baker*, 810 So.

- 17 -

2d 876, 882 (Fla. 2002) ("We impose this discipline because we expect members of The Florida Bar to conduct their personal business affairs with honesty and in accordance with the law.").

Accordingly, Madsen Marcellus, Jr., is hereby suspended from the practice of law for eighteen months. The suspension is effective, *nunc pro tunc*, June 16, 2018, the date on which this Court ordered that Marcellus's suspension shall be effective. *See Fla. Bar v. Marcellus*, No. SC16-1773 (Fla. order issued May 15, 2018) (granting Marcellus's motion to extend the commencement date of the suspension imposed by order dated April 25, 2018, and extending the effective date of Marcellus's suspension until June 16, 2018). Marcellus shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). Further, Marcellus shall accept no new business from the date this opinion is filed until he is reinstated.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Madsen Marcellus, Jr., in the amount of $3,048.94, for which sum let execution issue.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, Tallahassee, Florida, Jennifer R. Falcone, Bar Counsel, Miami, Florida, and Adria E. Quintela, Staff Counsel, The Florida Bar, Sunrise, Florida,

    for Complainant

Kevin P. Tynan of Richardson & Tynan, P.L.C., Tamarac, Florida,

    for Respondent