# Supreme Court of Florida

---

No. SC2023-0421

---

**THE FLORIDA BAR,**
Complainant,

vs.

**ALEXA MARTINEZ,**
Respondent.

June 19, 2025

PER CURIAM.

We have for review a referee's report recommending that Respondent, Alexa Martinez, be found guilty of professional misconduct in violation of the Rules Regulating The Florida Bar and that she be suspended from the practice of law for 10 days and publicly reprimanded. Both The Florida Bar and Martinez have petitioned for review, challenging the referee's findings of fact, recommendations as to guilt, and the recommended discipline.[1]

---

1. We have jurisdiction. *See* art. V, § 15, Fla. Const.

For the reasons discussed below, we approve in part and disapprove in part the referee's recommendations as to guilt and findings in mitigation and aggravation. We also disapprove the referee's recommended discipline and instead suspend Martinez from the practice of law for 90 days.

**BACKGROUND**

Martinez was a member of the Bar for just two months when she was hired in February 2017 as an associate by Silverberg Brito, PLLC (Silverberg). Silverberg terminated her employment less than four months later.

After her employment was terminated, Martinez retained possession of a USB drive belonging to Silverberg. Silverberg demanded Martinez return the USB drive. She stated she would return it, but she did not do so initially. After multiple requests by Silverberg, Martinez returned the USB drive, but the drive was empty. The referee found that Martinez's deletion of the contents of the USB drive constituted violations of rules 4-3.4 (Fairness to Opposing Party and Counsel), 4-8.4(c) ("A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation . . . ."), and 4-8.4(d) ("A lawyer shall not engage

- 2 -

in conduct in connection with the practice of law that is prejudicial to the administration of justice . . . .").

Also, after her employment was terminated, Martinez attempted to negotiate with Silverberg about the language for a joint letter to be sent to Silverberg's clients on whose cases she worked. The letter would have informed the clients of Martinez's departure from Silverberg, and it would have advised the clients that they could proceed with Martinez as their attorney, stay with Silverberg, or hire new counsel. These negotiations broke down, and Martinez acted unilaterally to inform the firm's clients of her departure from Silverberg and their options going forward.

Silverberg claimed that when unilaterally contacting the clients, Martinez disparaged and defamed Silverberg and its attorneys to the firm's clients and otherwise interfered with the relationships between the clients and the firm. Silverberg also claimed that Martinez unilaterally filed notices of appearance in cases involving Silverberg's clients without first notifying Silverberg and without presenting proof that the clients chose to have her represent them.

Regarding Martinez contacting the clients, the referee recommends finding that Martinez engaged in minor misconduct in violation of rule 3-4.3 (Misconduct and Minor Misconduct). Additionally, the referee recommends finding Martinez guilty of violating rule 4-8.4(d) because in at least one case, Martinez filed a notice without proper client authorization and unreasonably delayed her withdrawal for about one month.

Because Martinez delayed returning the USB drive and began contacting and filing notices of appearance in Silverberg's clients' cases, Silverberg sought injunctive and civil relief against Martinez. In that civil case, Martinez filed several notices of unavailability, which the Bar argues were improper. However, the referee did not recommend finding Martinez guilty of any rule violations for this because he did not believe Martinez's notices of unavailability constituted dishonest conduct warranting discipline given her lack of experience at the time and the confusion surrounding the proper uses of notices of unavailability.

## ANALYSIS

Our review of a referee's findings of fact is limited, and if the findings of fact are supported by competent, substantial evidence in

the record, we will not reweigh the evidence and substitute our judgment for that of the referee. *Fla. Bar v. Alters*, 260 So. 3d 72, 79 (Fla. 2018) (citing *Fla. Bar v. Frederick*, 756 So. 2d 79, 86 (Fla. 2000)).

As for a referee's recommendations as to guilt, "the referee's factual findings must be sufficient under the applicable rules to support the recommendations." *Fla. Bar v. Patterson*, 257 So. 3d 56, 61 (Fla. 2018) (citing *Fla. Bar v. Shoureas*, 913 So. 2d 554, 557-58 (Fla. 2005)). Ultimately, the burden is on the party challenging the referee's findings of fact and recommendations as to guilt to demonstrate "that there is no evidence in the record to support those findings or that the record evidence clearly contradicts the conclusions." *Fla. Bar v. Germain*, 957 So. 2d 613, 620 (Fla. 2007).

*The USB Drive*

The referee found that Martinez violated rules 4-3.4, 4-8.4(c), and 4-8.4(d) by returning an empty USB drive to Silverberg. Martinez challenges the referee's factual findings regarding this issue, whereas the Bar asks the Court to uphold the referee's findings of fact and recommendations as to guilt.

Rule 4-3.4(a) states that a lawyer shall not "unlawfully obstruct another party's access to evidence or otherwise unlawfully alter, destroy, or conceal a document or other material that the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding." There is competent, substantial evidence in the record that the contents of the USB drive were subject to litigation between Martinez and the firm, with the firm believing Martinez saved confidential firm files to the drive. Martinez knew the contents of the USB drive were in question and relevant to the litigation between her and the firm. Yet, she delayed returning the drive and deleted its contents before finally returning it. Thus, we approve the referee's recommendation that Martinez be found guilty of violating rule 4-3.4(a).

We, likewise, approve the referee's recommendation that Martinez be found guilty of violating rules 4-8.4(c) and 4-8.4(d). Rule 4-8.4(c) prohibits a lawyer from "engag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation." The record supports a conclusion that Martinez acted dishonestly and deceptively when she delayed returning the USB drive and deleted its contents before finally returning it. And rule 4-8.4(d) prohibits a

lawyer from "engag[ing] in conduct in connection with the practice of law that is prejudicial to the administration of justice."

Martinez's act in deleting the contents on the drive was prejudicial to the administration of justice because the contents of the drive were relevant to Silverberg's civil case against Martinez.

Accordingly, we approve the referee's findings of fact and find Martinez guilty of violating rules 4-3.4, 4-8.4(c), and 4-8.4(d) for delaying the return of the USB drive and deleting its contents.

*Contact with Clients*

The referee recommends that Martinez be found guilty of minor misconduct in violation of rule 3-4.3 for contacting Silverberg's clients after her employment was terminated.[2] The Bar argues that the referee should have also found Martinez guilty of violating rule 4-5.8 (Procedures for Lawyers Leaving Law Firms and Dissolution of Law Firms) based on her unilateral contact with Silverberg's clients after her termination. We disagree and, instead,

---

2. Neither party challenges the referee's recommendation that Martinez be found guilty of violating rule 3-4.3, and we approve the referee's recommendation regarding this rule violation without further comment.

approve the referee's recommendation to not find Martinez guilty of violating rule 4-5.8.

Rule 4-5.8(c)(1) states that for lawyers leaving law firms:

> Absent a specific agreement otherwise, a lawyer who is leaving a law firm may not unilaterally contact those clients of the law firm for purposes of notifying them about the anticipated departure or to solicit representation of the clients unless the lawyer has approached an authorized representative of the law firm and attempted to negotiate a joint communication to the clients concerning the lawyer leaving the law firm and bona fide negotiations have been unsuccessful.

The record evidence supports the referee's finding that Martinez negotiated with Silverberg to come to an agreement on a joint letter to send to the clients. After Martinez's departure from Silverberg, she and Silverberg's attorney, Christopher Spuches, exchanged numerous emails regarding the substance of a proposed joint letter. Martinez ultimately told Spuches that she did not agree to send the letter out if her requested modifications were not made. Thus, she believed that they had come to an impasse, and she contacted the clients herself. Based on this exchange, we find that the referee's finding that Martinez attempted to negotiate with the firm to draft a joint letter is supported by competent, substantial evidence. This finding supports the referee's recommendation that

Martinez be found not guilty of violating rule 4-5.8 for contacting the clients.

Additionally, the Bar argues that Martinez improperly contacted the clients because she did not have direct contact with them or provide significant legal services to them while she worked at Silverberg. However, we note that these are guidelines provided in the comment to the rule as to which clients should be contacted, but they do not prohibit contacting clients for which these thresholds are not met. Nevertheless, relying on Martinez's billable hours, the referee found that she provided significant legal services for the clients she contacted. Accordingly, we approve the referee's recommendation that Martinez be found not guilty of violating rule 4-5.8 for contacting the clients.

*Misrepresentations Made to Clients*

The referee recommended Martinez be found not guilty of violating rule 4-4.1 (Truthfulness in Statements to Others) based on the Bar's claim that she made misleading and disparaging comments about Silverberg to Silverberg's clients when she contacted them after her termination. We approve the referee's

recommendation because such conduct, even if proven before the referee, would not constitute a violation of rule 4-4.1.

Rule 4-4.1 provides:

*In the course of representing a client* a lawyer shall not knowingly:
(a) make a false statement of material fact or law to a third person; or
(b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by rule 4-1.6.

(Emphasis added.) Even if the Bar had sufficiently established that Martinez made misrepresentations, it was not to a third party while representing a client. Accordingly, we approve the referee's recommendation that Martinez be found not guilty of violating rule 4-4.1.

*Notices of Appearance*

The referee recommends that Martinez be found guilty of violating rule 4-8.4(d) based on her filing notices of appearance. However, the Bar argues that she should also be found guilty of violating rules 4-3.1 (Meritorious Claims and Contentions), 4-3.3 (Candor Toward the Tribunal), and 4-8.4(c) as well. We agree with the Bar, approving the referee's recommendation of guilt for

violating rule 4-8.4(d) but also finding Martinez guilty of violating rules 4-3.1, 4-3.3, and 4-8.4(c).

Rule 4-3.1 provides that a lawyer may "not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous." Martinez made baseless assertions in filing her notices of appearance in the Morelus, Jacques, and Gershfeld cases. There is competent, substantial evidence to support the referee's finding that Martinez did not have authorization to file her notice of appearance in the Morelus case. Gisel Brito, a partner for the firm, testified that Morelus contacted her after Martinez had contacted him. Morelus told Brito that he did not sign anything and wanted Silverberg to continue to represent him. Despite this, Martinez sent a letter to Silverberg stating that she was retained to represent Morelus and demanding Silverberg not contact Morelus and cease and desist from performing any other work on his case. Thereafter, Morelus indicated in writing his wishes to stay with Silverberg. Yet, it took more than two weeks for Martinez to withdraw from his case.

As to the Jacques case, Martinez sought consent from the Jacqueses' son to represent his parents. However, because

- 11 -

Martinez had no basis to rely on the son's consent as authorizing her representation of his parents, the referee's finding that Martinez was authorized to file a notice of appearance in the Jacques case has no legal basis. Additionally, while there were three plaintiffs in the Gershfeld case, because Martinez only claimed she represented Gershfeld, her appearance in the case did not terminate Silverberg's involvement. Thus, Martinez's statement to Spuches that she represented all three clients and demand that Silverberg withdraw were not justified. Accordingly, the record evidence clearly contradicts the referee's recommendation that Martinez be found not guilty of violating rule 4-3.1.

Next, rule 4-3.3 provides that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." In filing her notices of appearance in the Morelus and Jacques cases, Martinez misrepresented to the court that she was authorized to represent the clients. Additionally, in the Perez case, although Martinez initially received authorization from Perez, it was quickly revoked the next day. Yet, she did not withdraw from his case until nearly one month later when

- 12 -

Silverberg demanded her withdrawal. Accordingly, the record evidence clearly contradicts the referee's recommendation that Martinez be found not guilty of violating rule 4-3.3.

Additionally, rule 4-8.4(c) prohibits a lawyer from "engag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation." Martinez misrepresented in multiple cases that she represented the clients and had authority to file notices of appearance on their behalf. Based on these misrepresentations, the record evidence clearly contradicts the referee's recommendation that Martinez be found not guilty of violating rule 4-8.4(c).

Rule 4-8.4(d) prohibits a lawyer from "engag[ing] in conduct in connection with the practice of law that is prejudicial to the administration of justice." After filing her notice of appearance in the Gershfeld case, Martinez attempted to undo a settlement offer that was sent by Silverberg before Martinez filed the notice of appearance and tried to assert her claim to attorney's fees from a settlement. This resulted in the filing of a motion to enforce the settlement agreement by the insurance company and the disputed funds being held in the court's registry, causing substantial delay before the court entered an order awarding the entire amount of

attorney's fees to Silverberg. Thus, because Martinez's conduct was prejudicial to the administration of justice, we approve the referee's recommendation that Martinez be found guilty of violating rule 4-8.4(d).

Accordingly, we uphold the referee's recommendation that Martinez be found guilty of violating rule 4-8.4(d) but disapprove the referee's recommendation of finding no guilt for violating rules 4-3.1, 4-3.3, and 4-8.4(c), instead finding Martinez guilty of violating these rules.

*Notices of Unavailability*

The Bar contends that Martinez violated rules 4-3.4(c), 4-8.4(c), and 4-8.4(d) by filing multiple notices of unavailability and trying to avoid being deposed in her civil case against Silverberg. We agree and find Martinez guilty of violating rules 4-3.4(c), 4-8.4(c), and 4-8.4(d).

Rule 4-3.4(c) states that a lawyer must not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." Rule 4-8.4(c) provides that "[a] lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." And rule

4-8.4(d) states that "[a] lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice."

Here, Spuches, counsel for Silverberg, testified that Martinez filed multiple notices of unavailability, which he claimed were untruthful and led to scheduling issues. The referee considered Martinez's testimony and concluded that he did not believe she understood when a notice of unavailability should be properly used. Thus, he concluded although her filing the notices was not well thought through, it did not amount to a rule violation.

But the referee's recommendation on this point overlooked the circuit court's order granting Silverberg's motion to compel Martinez's deposition and sanctions. On December 19, 2017, the court granted both motions, ordered Martinez to appear for deposition on January 5, 2018, and reserved ruling on the amount of attorney's fees and costs to be entered against her. Martinez appeared for the deposition but did not produce a single document identified in the notice. After some questioning, her counsel terminated the deposition early. Counsel for Silverberg filed a second motion to compel Martinez's deposition. Martinez agreed to

be deposed on May 26, 2018, but then filed a motion for protective order nine days prior to her deposition. This prompted a third motion to compel her deposition, which was granted by the court, and Silverberg was again awarded its reasonable attorney's fees and costs in bringing the motion. Martinez failed to appear at the deposition.

The record evidence clearly contradicts the referee's recommendation that Martinez be found not guilty of violating rules 4-3.4(c), 4-8.4(c), and 4-8.4(d). Accordingly, we disapprove the referee's recommendation and conclude that Martinez violated rules 4-3.4(c), 4-8.4(c), and 4-8.4(d).

## DISCIPLINE

We now turn to the referee's recommendation to impose a 10-day suspension and public reprimand as a sanction for Martinez's misconduct. "Prior to making a recommendation as to discipline, referees must consider the Standards for Imposing Lawyer Sanctions, which are subject to aggravating and mitigating circumstances, and this Court's existing case law." *Fla. Bar v. Strems*, 357 So. 3d 77, 90 (Fla. 2022). Our review of a referee's recommended discipline is broader than that afforded to the

- 16 -

referee's findings of fact because, ultimately, it is our responsibility to order the appropriate sanction. *See Patterson*, 257 So. 3d at 64; *Fla. Bar v. Anderson*, 538 So. 2d 852, 854 (Fla. 1989); *see also* art. V, § 15, Fla. Const.

*Standards*

In looking at the Standards, we find support for suspension as the presumptive sanction in this case. Under Standard 5.1(b) (Failure to Maintain Personal Integrity), "[s]uspension is appropriate when a lawyer knowingly engages in . . . conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice." Standard 6.1(b) (False Statements, Fraud, and Misrepresentation) provides that "[s]uspension is appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld and takes no remedial action." Also, Standard 6.2(b) (Abuse of the Legal Process) states that "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule and causes injury or potential injury to a client or a party or causes interference or potential interference with a legal proceeding." Last, we look to Standard 7.1(b)

- 17 -

(Deceptive Conduct or Statements and Unreasonable or Improper Fees), which states that "[s]uspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."

Here, Martinez knowingly engaged in dishonest conduct that seriously adversely reflects on her ability to practice law when she delayed returning the USB drive to the firm and then ultimately returned it empty. Moreover, Martinez misrepresented to the court that she was the clients' attorney in cases where she had no basis to make the representation, and she delayed correcting the misrepresentation by withdrawing from the case. Additionally, she knowingly violated her obligation to appear for her court-ordered deposition, causing a delay in the proceedings and affecting the opposing party. Based on these actions, the Standards support the imposition of a suspension.

*Aggravating and Mitigating Factors*

We next consider the referee's findings as to the applicable aggravating and mitigating circumstances. "[A] referee's findings of mitigation and aggravation carry a presumption of correctness and

will be upheld unless clearly erroneous or without support in the record." *Germain*, 957 So. 2d at 621.

As to aggravation, the referee found four factors under Standard 3.2 (Aggravation): (1) dishonest or selfish motive; (2) pattern of misconduct; (3) submission of false evidence, false statements, or other deceptive practices during the disciplinary process; and (4) refusal to acknowledge the wrongful nature of the conduct. The Bar argues that the referee should have also found multiple offenses as an aggravating factor. And Martinez argues that submission of false evidence or statements should not have been found as an aggravating factor. We do not find error in either of the referee's findings regarding these factors.

Next, the referee found five mitigating factors under Standard 3.3 (Mitigation): (1) absence of a prior disciplinary record; (2) personal or emotional problems; (3) inexperience in the practice of law; (4) unreasonable delay in the disciplinary proceedings; and (5) imposition of other penalties or sanctions. The Bar argues that the referee should not have found personal or emotional problems or unreasonable delay in the disciplinary proceedings as mitigating factors. We find error only in the referee's finding of unreasonable

delay as a mitigating factor. That factor applies only when "the respondent did not substantially contribute to the delay." Fla. Std. Imposing Law. Sancs. 3.3(b)(9). The Bar delayed initiating disciplinary action against Martinez until the litigation between her and Silverberg concluded. However, Martinez was responsible for dragging out the civil litigation, which in turn delayed this disciplinary process. Therefore, because Martinez contributed to the delay, we find that the referee erred in finding unreasonable delay as a mitigating factor.

### *Case Law*

Finally, in determining the appropriate sanction, we look to prior cases for guidance.

In prior cases involving similar misconduct, we have imposed suspensions in a range of lengths. For instance, in *Florida Bar v. Forrester*, 818 So. 2d 477 (Fla. 2002), we suspended a lawyer for 60 days who intentionally misrepresented the location of an exhibit during a deposition. We suspended a lawyer for 91 days in *Florida Bar v. James*, 329 So. 3d 108 (Fla. 2021), after the lawyer engaged in a pattern of dishonest conduct by instructing a deponent on how to answer questions, lying to opposing counsel when asked if the

two were texting during a deposition, and falsely stating that he was only texting his daughter. And in *Florida Bar v. Marcellus*, 249 So. 3d 538 (Fla. 2018), we suspended a lawyer for 18 months for his failure to comply with a court order and to respond to discovery requests despite orders compelling responses. In considering these cases, along with the mitigation found in this case, specifically Martinez's inexperience in the practice of law as well as personal and emotional problems, we have determined that a 90-day suspension is appropriate in this case.

## CONCLUSION

Accordingly, Martinez is hereby suspended from the practice of law for 90 days. Martinez's suspension will be effective 30 days from the filing of this opinion so that she can close out her practice and protect the interests of existing clients. If Martinez notifies this Court in writing that she is no longer practicing and does not need the 30 days to protect existing clients, this Court will enter an order making the suspension effective immediately. Martinez shall fully comply with rule 3-5.1(h) and, if applicable, rule 3-6.1. Further, Martinez shall accept no new business from the date this opinion is filed until she is reinstated.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Alexa Martinez in the amount of $7,465.00,[3] for which sum let execution issue.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, Patricia Ann Toro Savitz, Staff Counsel, and Mark Lugo Mason, Bar Counsel, The Florida Bar, Tallahassee, Florida,

for Complainant

Alexa Martinez, Miami, Florida,

for Respondent

---

3. *See Fla. Bar v. Rotstein,* 835 So. 2d 241, 247 (Fla. 2002) (concluding that awarding transcript costs was permissible).